## TERMINAL TAXICAB CO. v. BLUM.

(Court of Appeals of District of Columbia. Submitted March 5, 1924. Decided May 5, 1924.)

No. 4019.

1. **Municipal corporations ⬅➡706(6, 7)—Negligence and contributory negligence held for jury.**

In pedestrian's action for injuries by a taxicab, whether chauffeur was negligent and pedestrian was contributorily negligent *held* for jury.

2. **Municipal corporations ⬅➡705(1)—Automobile driver's duty to use reasonable care.**

It is the duty of operator of an automobile to use reasonable care not to run down and injure any person on the roadway; the degree of actual care required in each case, in order to be reasonable, depending on circumstances of particular case.

3. **Trial ⬅➡142—Issues to be submitted to jury, where reasonable men may differ as to conclusions to be drawn.**

Where reasonable men may well differ in their conclusions from the evidence, the issues should be submitted to the jury.

4. **Municipal corporations ⬅➡706(8)—Last clear chance doctrine held properly submitted to jury.**

In pedestrian's action for injuries by taxicab, whether driver saw, or by the exercise of ordinary care could have seen, plaintiff in a position of danger in time to stop the cab or change its direction, *held* a question of fact; hence submission of last clear chance doctrine was proper.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Supreme Court of District of Columbia.

Action by Milton Blum against the Terminal Taxicab Company. Judgment for plaintiff, and defendant appeals. Affirmed.

G. Thomas Dunlop, Edwin A. Swingle, and Ernest A. Swingle, all of Washington, D. C., for appellant.

Wilton J. Lambert, of Washington, D. C., for appellee.

Before SMYTH Chief Justice, VAN ORSDEL, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. The plaintiff, Milton Blum, sued the Terminal Taxicab Company for damages because of personal injuries sustained by him in consequence of the alleged negligence of the company's chauffeur in the operation of one of its taxicabs. The plea was the general issue.

The case was tried to the jury, and at the close of the plaintiff's evidence the defendant moved for a directed verdict, upon the ground that the evidence failed to show any negligence upon the part of defendant's employee, but in fact showed negligence upon the part of plaintiff. The court overruled the motion. The defendant stood upon its exceptions, and the case went to the jury upon the plaintiff's evidence and the charge of the court. The verdict was for the plaintiff, and judgment was entered thereon. The defendant now appeals, and contends that the trial court erred, first, in refusing to direct a verdict for the defendant; and, second, in charging the jury concerning the doctrine of the "last clear chance."

[1] The evidence tended to prove the following facts: That plaintiff was struck and injured by a taxicab of the defendant company, operated at the time by one of its chauffeurs, at a point on the broad roadway or plaza south of the Union Station in Washington, D. C., at about 8 o'clock on the evening of November 16, 1920; that plaintiff, together with a lady companion, were on the south side of the plaza, having come from the Government Hotel, and started to walk across to the north side in order to take a street car at the Union Station, she walking at his right as they crossed; that it had been raining hard, and at that time was either raining or drizzling; that plaintiff carried an umbrella, but it was not raised at the time of the accident; that the night was not clear, but the street and monument lights were on, and there was no traffic on the plaza when they started to cross, consequently one could see for a considerable distance ahead; that when plaintiff and his companion were about at the middle of the plaza—that is, the space between the little park plots and the curve of the circle which surrounds the Columbus monument—he observed the front lights of the defendant's automobile about 200 feet to the east of them, headed in their direction, as if going neither in front of them nor behind them; that it was far enough away for plaintiff to believe that it would pass in back of them, so they continued to walk straight ahead, and the first intimation plaintiff had that he was going to be struck was the sound of the approaching wheels on the wet pavement and the glimmer of the lights directly to the side and slightly back of him. and not over 6 feet away; that the taxicab had driven straight ahead with-

out swerving, and gave no signal by horn or otherwise of its approach; that it was moving at a speed of about 18 miles an hour, and that it did not slow down at all when it approached them; that plaintiff and his companion were struck by the cab when they were near to the curb next to the statue, in the space where cars are generally parked; that there is a cross-walk there, which people use in walking across the parkway toward the station, and they were going directly to this cross-walk and in line with it, when they were struck; that there was nothing between them and the taxicab to obstruct vision.

We think that this was sufficient evidence in support of the charge of negligence upon the part of defendant's chauffeur to require the submission of that issue to the jury, and that it did not prove contributory negligence upon the part of the plaintiff so conclusively as to justify a directed verdict for the defendant.

[2] The accident happened at a place where pedestrians might lawfully cross the plaza, and at a time in the early evening when it would not be unusual for people to be upon the crossing. It was accordingly the duty of the operator of the automobile to use reasonable care in driving the car, so as not to run down and injure any person who might be upon the roadway. The degree of actual care required in each case, in order to be reasonable, must necessarily depend upon the circumstances of the particular case. Barstow v. Capital Traction Co., 29 App. D. C. 362; Capital Traction Co. v. Divver, 33 App. D. C. 332; Capital Traction Co., v. King, 44 App. D. C. 315, 319.

In this case the conditions of partial darkness, of rainy weather, of proximity to the curbing, the rate of speed, the failure to sound the horn, the unobstructed vision between the parties, the failure of the cab to check its speed or to swerve at all from its course, and all other physical facts connected with the accident as disclosed by the evidence, must be considered and compared, in order to determine whether the operator had discharged his lawful duty of reasonable care under the circumstances. On the other hand, it was equally the duty of the plaintiff to use reasonable care for his own safety when crossing the plaza, and the question whether he discharged that duty in this instance must be decided, like that concerning the cab driver, in the light of all the circumstances surrounding the accident. These were questions of fact, and the evidence in relation to them was necessarily circumstantial in large part.

[3] Reasonable men might well differ in their conclusions thereupon; consequently the trial court was right in submitting the issues to the jury. In the case of Catholic University v. Waggaman, 32 App. D. C. 320, this court said:

"The courts of review in this country are applying with increasing strictness the rules limiting the right of the trial judge to invade the province of the jury. This court, in the case of Glaria v. Washington Southern R. Co., 30 App. D. C. 559, said: 'A motion to direct a verdict is an admission of every fact in evidence, and of every inference reasonably deducible therefrom. And the motion can be granted only when but one reasonable view can be taken of the evidence and the conclusions therefrom, and that view is utterly opposed to the plaintiff's right to recover in the case.' The rule more generally followed is that 'it is only where all reasonable men can draw but one inference from the undisputed facts that the question to be determined is one

of law for the court.' These narrow restrictions apply where the court has before it the whole case. Even less latitude is allowed where the jury are peremptorily instructed at the conclusion of the plaintiff's affirmative case than where such an instruction is given when all the evidence of the parties is before the court."

See Chesapeake R. Co. v. Brez, 39 App. D. C. 58; Capital Traction Co. v. King, 44 App. D. C. 315, 319.

[4] Nor did the trial court err in delivering to the jury the instructions concerning the doctrine of the last clear chance. The charge gave a correct statement of that rule of law, and the evidence admitted of an interpretation which might make it necessary for the jury to observe it as part of the law of the case. The defendant strongly contradicts this view, upon the claim that there was no evidence in the case to which the rule in question could be applied against the company. We think, however, that there was, for, if the jury found that the plaintiff had· negligently placed himself in a position of danger, and thereby directly contributed to his own injury, it remained nevertheless within their province to say, upon all the facts and circumstances as disclosed by the evidence, whether the taxicab driver saw, or by the exercise of ordinary care in the premises could have seen, the plaintiff in the position of danger in which he stood, in time to stop the cab, or change its direction, so as to save him from injury. It was therefore proper for the court to instruct the jury upon that subject. Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 429, 12 Sup. Ct. 679, 36 L. Ed. 485; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 558, 11 Sup. Ct. 653, 35 L. Ed. 270; 29 Cyc. p. 530, "Negligence," with citations; 20 R. C. L. sec. 114, citations; Hawley v. Columbia R. Co., 25 App. D. C. 1, 5; Capital Traction Co. v. Divver, 33 App. D. C. 333; Baltimore & Ohio R. R. Co. v. Griffith, 34 App. D. C. 469; Capital Traction Co. v. Apple, 34 App. D. C. 559; Capital Traction Co. v. Crump, 35 App. D. C. 169; Washington Railway & Electric Co. v. Cullember, 39 App. D. C. 316; Washington Virginia Ry. Co. v. Himelright, 42 App. D. C. 532; Capital Traction Co. v. Snowden, 48 App. D. C. 344; Washington Railway & Electric Co. v. Stuart, 50 App. D. C. 74, 267 Fed. 632.

The judgment accordingly is affirmed, with costs.

This case was decided prior to the death of the late Chief Justice.