## BOAZE v. WINDRIDGE & HANDY, Inc.

### No. 7177.

United States Court of Appeals for the District of Columbia.

Argued Jan. 17, 18, 1939.

Decided Jan. 30, 1939.

to warrant a finding by the jury that defendant was negligent as charged in the declaration. If so, the motion for binding instructions should have been denied. Improvement Company v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867. On such a motion, in order to determine whether there is evidence upon which a jury can properly find a verdict, the court must assume that the evidence proves all that it reasonably may be found sufficient to establish. If fair minded men may honestly draw different conclusions as to the existence or non-existence of the negligence charged, the question is not one of law but of fact to be settled by the jury. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

The evidence introduced by the plaintiff shows that on the afternoon of June 19, 1934, deceased drove his car in an easterly direction on M Street, N. W., between 25th and 26th Streets and parked it adjacent to the south curb, headed in an easterly direction; that he got out of his car and started to walk across M Street to the north side; and that when he had got to a point about 6 or 7 feet from the north curb, he was struck by a motorcycle operated by defendant's agent, Charles Rind. The eye witnesses to the collision were the injured and the operator of the motorcycle. The former died the following day. The driver did not testify. Of the witnesses who testified, two—Brenner and Otis—saw the deceased as he hit the ground immediately after the collision. Another—Mrs. Williams—saw him as he lay in the street just before he was removed to the hospital.

Brenner testified he was standing in an office door on the north side of M Street, nearly opposite the point of collision; that he saw deceased leave his car and take a step and did not see him again until he heard an exclamation from Otis, to whom he was talking at the time, as the result of which he looked and saw the deceased fall to the ground; that at that moment the motorcycle was on the north side of the street headed east and 6 to 7 feet from the curb; that he ran out into the street and when he reached the place of accident, deceased lay with his head a few feet from the north curb and with his body and feet in a southerly direction.

Otis testified that he did not see the impact but did see deceased's head hit the ground. He placed the point of the accident as slightly on the north side of the

Alvin L. Newmyer and David G. Bress, both of Washington, D. C., for appellant.

Norman B. Frost and Frank H. Myers, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This appeal is from a judgment for appellee entered on a verdict directed by the court. The action below was brought by Annie V. Boaze, as administratrix of the estate of her husband, to recover damages for his death resulting from a collision with a motorcycle operated by appellee's agent on M Street in the City of Washington. Appellee's plea admitted the collision and the death of appellant's husband therefrom, but alleged that its agent was not negligent in any of the particulars charged in the declaration, and that deceased's own negligence was the cause of the injury and death.

The single question we have to decide is whether the evidence, construed most favorably to plaintiff, was sufficient

center of the street, stating that as the body lay on the ground injured's feet were near the center line of the street and the head toward the north side.

Mrs. Williams, who saw the body before it was removed, testified it was near the center but more on the north half of the street. She said that after the accident she saw the driver of the motorcycle drive around and come back to the scene but did not know how far he went before turning around.

 M Street runs east and west, and at the point where the accident occurred its width is a few inches less than 40 feet from curb to curb. The evidence showed that the driver of the motorcycle had shortly before the accident brought an automobile, with the motorcycle attached to its rear, to an "automobile laundry" on the north side of M Street some 40 or 50 feet west from the point of the accident; that the automobile was brought to the "laundry" to be washed, and the motorcycle to convey the driver back to defendant's place of business; that the automobile was driven to the rear of the lot fronting on the north side of M Street; and that the driveway from the rear which defendant's agent would use in returning was, at the point of intersection with the street, approximately 38 feet from the place of accident. At the time of the collision there were no parked cars on the north side of the street, but there were cars parked against the curb on the south side, and there was also a milk truck with a tall body parked double on that side just to the west of deceased's automobile. In these circumstances we think that, when deceased undertook to walk from the south to the north side of the street, especially in view of the presence of parked automobiles on the near side, it was his duty to look in the directions from which danger might be expected and that, if he failed to do so and his negligence in this respect was the sole proximate cause of the injury, there could be no recovery.

If, therefore, the evidence had shown that the collision occurred as deceased emerged from behind a parked car and when the view of the driver of the motorcycle was obscured, so that he could not see the deceased as he walked into his pathway, we should have to affirm the judgment of the court below. But that is not this case, for here the evidence, together with the inference that justifiably may be drawn from it, tends to show that the collision occurred after deceased had fully cleared the parked automobiles and passed the center line of the street to a point within 6 or 7 feet of the north curb, a part of the roadway over which, in the circumstances, it was an act of negligence to drive a vehicle in an easterly direction.

In addition to this, the evidence at least tends to show that, on the side of the roadway on which the motorcycle was being driven, there was nothing to obstruct the view of the driver and that he could and should have seen deceased and realized his peril in time to avoid the accident. If this is true, the driver of the motorcycle was guilty of negligence for which a recovery could be had, notwithstanding deceased himself might have been guilty of contributory negligence in failing to look. Chunn v. City & Suburban Railway, 207 U.S. 302, 309, 28 S.Ct. 63, 52 L.Ed. 219; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380; Goodyear Service v. Pretzfelder, 65 App.D.C. 389, 84 F.2d 242; Terminal Taxicab Co. v. Blum, 54 App.D.C. 357, 298 F. 679.

Enough, we think, has been said to show that in our opinion the trial court was in error in taking the case from the jury.

Reversed and remanded for a new trial.