## GEORGE v. SEARS, ROEBUCK & CO.

### No. 2218.

District Court of the United States for the District of Columbia.

Dec. 20, 1940.

Thomas C. Bradley, of Washington, D. C., for plaintiff.

Tobriner, Graham, Brez & Tobriner, of Washington, D. C., for defendant.

PINE, Justice.

The defendant has moved to set aside the verdict for plaintiff and that judgment be entered in accordance with the defendant's motion for a directed verdict, or, in the alternative, that a new trial be granted.

1. The motion for judgment in accordance with motion for directed verdict.

As grounds for the motion for judgment in accordance with defendant's motion for a directed verdict, defendant urges that the evidence failed to show any negligence whatever on the part of the operator of the

truck, that the evidence showed that plaintiff was guilty of contributory negligence, and that it failed to rebut defendant's proof of contributory negligence.

Plaintiff's evidence showed that she was an invitee in the store of the defendant. She testified that as she was walking down a hall in this store, she was struck by a truck which she did not see before it struck her; that it struck her on the inside of the left ankle and knocked her over; that she heard no warning, and did not hear the noise of the truck, and that she could tell that the truck came through a side door into the hall, because it was there when she got up after being struck.

Her sister testified that she was walking down the hall with plaintiff and saw the truck hit plaintiff; that it struck her on the ankle and she fell over the truck; that she did not see the truck before it hit plaintiff and did not hear any warning or any noise before the truck hit her. She testified further that the truck came out of a store-room and ran into plaintiff and knocked her over. The boy pushing the truck was an employee of the store, and he was transporting a load of merchandise from one portion of the store building to another.

The defendant's witnesses gave an entirely different version of what occurred.

The plaintiff's sister testified that at the time plaintiff was struck they were walking toward the stairway, and were looking south toward the stairway, looking straight ahead.

■ For the purpose of this motion, the Court assumes that the evidence for the opposing party proves all that it reasonably may be found sufficient to establish, and that from such facts there should be drawn, in favor of such opposing party, all the inferences that are fairly deducible from them.

■ The foregoing testimony is sufficient, in my opinion, to justify a finding that the defendant pushed the truck from the store-room into the corridor without looking, without warning, and without observing whether it would run into anyone walking along the corridor, and was therefore negligent.

■ As to contributory negligence, the testimony of plaintiff's sister, if believed, as it evidently was, would, in my opinion, rebut the claim that the plaintiff was not attentive of her own safety. I could hardly hold, as a matter of law, that it was her duty to "stop, look and listen" before passing an open door in her progress down the hall.

Construing the evidence most favorably to the plaintiff, and giving her the full effect of every legitimate inference therefrom, I cannot hold that no reasonable man could reach a verdict in favor of plaintiff. Gunning v. Cooley, 281 U.S. 91, 94, 50 S.Ct. 231, 74 L.Ed. 720; Schwartzman v. Lloyd, 65 App.D.C. 216, 218, 82 F.2d 822; Jackson v. Capital Transit Co., 69 App. D.C. 147, 148, 99 F.2d 380; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628.

Accordingly, the motion to set aside the verdict and judgment for plaintiff and that judgment be entered in accordance with defendant's motion for a directed verdict, is denied.

2. The motion for a new trial.

■ The foregoing applies to some of the grounds urged in support of said motion. As to the remaining grounds, I cannot say that the damages are grossly excessive, or that the jury was swayed by sympathy. If the testimony of plaintiff and her physician be believed, as it evidently was by the jury, the damages would not appear to be grossly excessive, nor indicate that the jury was swayed by sympathy. There is nothing in the record to indicate that the jury was swayed by sympathy or prejudice, nor was there any fact in the conduct of the case not appearing in the record, such as the appearance of plaintiff or the conduct of counsel, from which such an inference could be drawn.

I am also of the opinion that the cross-examination of defendant's witness Wheatley did not transcend the bounds of proper cross-examination, as claimed by defendant in its motion for a new trial, and also that the amendment permitted by the Court after the conclusion of all the evidence was permissible under the rules.

Accordingly, the motion for a new trial is denied.