# REPORTS OF CASES

### ADJUDGED IN

# THE COURT OF APPEALS

#### OF THE

## DISTRICT OF COLUMBIA.

---

## HAWLEY *v.* COLUMBIA RAILWAY COMPANY.

---

#### STREET RAILWAYS; CONTRIBUTORY NEGLIGENCE; NEGLIGENCE.

1. The contributory negligence of a person injured will not defeat his
action if the defendant, by reasonable care and prudence, might have
avoided the consequences of such contributory negligence.

2. Where, in an action against a street railway company to recover for in-
juries received by the plaintiff, who,' while standing between the par-
allel tracks of two railway lines at a regular stopping place of the
car he was waiting to board, was struck by a car of the defendant
company, it appeared that the space between the two tracks when cars
passed each other at that point was only about 16 or 18 inches in
width, and that the motorman was not looking ahead; had abandoned
for the moment control of the controller and brake of his car, and was
leaning over the dashboard fixing the fender of his car,—it was *held*
that the trial court erred in directing a verdict for the defendant.
(Distinguishing *Chunn* v. *City & Suburban R. Co.* 23 App. D. C. 551.)

No. 1424. Submitted January 19, 1905. Decided February 7, 1905.

HEARING on an appeal by the plaintiff from a judgment of the
Supreme Court of the District of Columbia upon a verdict
directed by the Court in an action to recover damages for person-
al injuries. *Reversed.*

The Court in the opinion stated the case as follows:

.This is a suit instituted in the supreme court of the District by Wilson Gray Hawley, the appellant here, as plaintiff, to recover compensation for personal injuries sustained by him in consequence of being struck near the intersection of 14th street and New York avenue in this city by a car of the appellee company, the Columbia Railway Company, through the alleged negligence of the employees of this company.

The appellant was seeking to board a car of the Capital Traction Company, which was about to turn from New York avenue into 14th street to go north on the latter street, and which at that point came to a stop in order to discharge and receive passengers. He had come out into the street from the sidewalk on the southern side, and had taken his station between the south track of the Capital Traction Company and the north track of the Columbia Railway Company, the outer rails of which are here 4 feet and 10 inches distant from each other. Notwithstanding that when two cars come abreast of each other at this point the space is very narrow, the place, under the usage of the Capital Traction Company and the municipal regulations of the District of Columbia, had become a usual place for the stoppage of the cars of this latter company for the purpose indicated, but not for the cars of the Columbia Railway Company, of which the stopping place was on the east side of 14th street. The circumstances of the accident, which resulted in the injury to the appellant, are thus stated by the motorman of the car which he was seeking to board:

"I got to 14th street and New York avenue on that day at 5 : 28 P. M., and stopped to take on passengers. As I stopped there was a Columbia car just passing over the Metropolitan tracks on 14th street, going west. The motorman of that car was busy hooking up his fender, and he struck Hawley. He did not have hold of the controller at all, and I hardly think he had hold of the brake. No, he did not have hold of the brake. He was leaning over the dashboard, pulling up the fender, and had one hand resting on the dash and the other one hold of the fender.

He pulled up the fender with one hand and hooked it with the other, and by that time he looked up and saw Hawley, and almost at the same time he struck him. When Mr. Hawley was hit he was standing between the Capital Traction track and the Columbia track. He was looking west and walking west. My car was full of people."

And Hawley himself testified about the matter in these words:

"The 14th street car was pretty well crowded, but I did not notice anyone standing on the running board. The 14th street car had stopped before I was struck. It had stopped possibly a few seconds, and I was walking along looking for a seat, or rather a place to get on, when I was hit. I had not taken hold of the upright, or stepped upon the running board, but was in the act of raising my hand to grab hold of the upright when I was hit. I had not stepped up at all,—I was just in the act."

At the trial, upon the conclusion of the plaintiff's testimony, the defendant, adducing no testimony on its own behalf, moved the court to direct a verdict in its favor, it is understood, on the ground of contributory negligence on the part of the plaintiff; and the motion was allowed, and a verdict directed for the defendant, upon which there was judgment.

From this judgment the plaintiff has appealed.

*Mr. George E. Hamilton* and *Mr. Michael J. Colbert* for the appellant.

*Mr. C. C. Cole, Mr. J. J. Darlington,* and *Mr. R. S. Huidekoper* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

That there was ample evidence to go to the jury on the question of the defendant's negligence, if that were the only issue in the case, is too clear to need elaboration. What we have already cited was amply sufficient for the purpose. But it is upon the supposed showing of contributory negligence by the plaintiff on his own part that it is sought to sustain the ruling of the trial

court. And the case of *Chunn* v. *City & Suburban R. Co.* 23 App. D. C. 551, in which we probably carried the doctrine of contributory negligence to its extreme limit, so far as it removed the cause from the consideration of the jury, is cited in support of the contention.

We think there were some important distinctions between the *Chunn Case* and that now before us. In the *Chunn Case* it was not at all certain that the injured person had the right to stand or be in the place where she was injured,—some planks laid down between the two tracks of the defendant company's railroad, and apparently only used as a platform by a kind of sufferance or tolerance of the employees of the company. But principally it appeared that there was amply sufficient distance, 7 feet and 10 inches, between the nearest rails of the two tracks, leaving 3 feet and 6 inches by actual measurement between two cars standing abreast on the two tracks,—a space abundantly sufficient for a person proposing to board a passing car to stand on and from which he might enter in safety, if, as the testimony was, he was careful to see what he was doing. It was only because the plaintiff in that case was careless in what she was doing that she went beyond the limit of safety, and was injured.

In the present case the plaintiff was where he was entitled to be. It was the usual place for passengers to alight from and to enter the cars of the Capital Traction Company at that point. But the place was of very much smaller dimensions. The outer rails of the tracks of the two railway companies were only 4 feet and 10 inches distant from each other, and the testimony is that when the cars stand abreast of each other there, there is only about 16 or 18 inches between them, and "that unless a man is standing sideways he is very apt to be hit with cars on both sides of him." If in such a situation a high degree of care was required of the appellant, so was there a commensurate degree of care required of the appellee, and it was not competent for the latter to run the former down and maim or kill him, when the motorman, with the exercise of reasonable care and prudence, could have guarded against the result of the plaintiff's contributory negligence, if such there was.

We are of opinion that the case before us falls within the rule laid down by the Supreme Court of the United States in the case of *Grand Trunk R. Co.* v. *Ives,* 144 U. S. 408, 36 L. ed. 485, 12 Sup. Ct. Rep. 679, and in the case of *Inland & Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 551, 35 L. ed. 270, 11 Sup. Ct. Rep. 653, wherein it was held that the contributory negligence of a person injured will not defeat his action if the defendant by reasonable care and prudence might have avoided the consequence of such contributory negligence. Here the motorman of the defendant company had ample opportunity to guard against the accident if he had been using even ordinary care and prudence and attending to the proper performance of his duty, which he evidently was not doing, if the testimony of the plaintiff's witnesses is to stand unimpeached. At one of the most dangerous crossings in the city of Washington he was not looking ahead, as he should have looked, and he had abandoned all control both of the controller and of the brake of the car.

It will not do in a case of this kind to hold the plaintiff as the sole author of his own misfortune, when the defendant, by the use even of ordinary care and prudence, could have avoided the accident, even after the contributory negligence had supervened.

We are of opinion that the case was one proper to be submitted to a jury under suitable instructions, and that it was error to withdraw it from their consideration.

The judgment appealed from must be reversed, with costs; and the cause will be remanded with directions to vacate the judgment and the verdict, and to award a new trial. And it is so ordered. *Reversed.*