## GLOBE FURNITURE CO. v. GATELY et al.

(Court of Appeals of District of Columbia. Submitted February 9, 1922. Decided April 3, 1922.)

No. 3632.

**1. Appeal and error ⬅️260(1)—Exception is necessary to predicate error on admission of testimony.**

Error cannot be predicated on the admission of testimony, where no exception has been reserved.

**2. Trial ⬅️76—Objection to testimony should be made before answer is given, if possible.**

The practice of omitting to object to questions asked a witness, but thereafter moving to strike the answers, is not to be approved; but objections should be made to the question when asked, unless counsel has no opportunity to make it before the answer is given.

**3. Appeal and error ⬅️1047(3)—Admission of evidence is not prejudicial, where other evidence to same effect is in record.**

No prejudicial error was committed in refusing to strike out answers, which were only cumulative to other testimony properly in the record.

**4. Death ⬅️72—Evidence of surviving parent's means admissible.**

In an action by a father and mother to recover for the death of their son, evidence that the father had no means of support except his earnings, is admissible to aid the jury in determining the reasonable probability of the boy's contributing to the support of his parents.

**5. Trial ⬅️281—Objection to whole instruction on damages is insufficient, if part is correct.**

An objection to a prayer for instruction as a whole is too broad to require consideration of a particular portion of the instruction, where other statements in the instruction were unquestionably correct.

**6. Death ⬅️104(6)—Instruction on damages held confusing on account of word "merely."**

A request by defendant that the jury should fix damages at that sum which represents the present cash value of the reasonable expectation of pecuniary advantage to the next of kin of decedent, and not merely by multiplying the amount deceased might have contributed to the next of kin for a year by the number of years, was confusing, since the word "merely" means "only," so that the instruction means that the amount shall be fixed, not only by multiplying as indicated, but also by ascertaining the present value.

[Ed. Note.—For other definitions, see Words and Phrases, Merely.]

**7. Trial ⬅️261—Court need not rewrite incorrect request.**

It is no part of the trial court's duty to rewrite an incorrect request to charge, though it would have been correct if one word had been omitted therefrom.

**8. Trial ⬅️260(3)—Request on burden of proving negligence held covered.**

A request for a charge that the burden of establishing negligence was on plaintiff, and that, if the evidence on that subject was evenly balanced, the verdict must be for defendant, was sufficiently covered by another instruction, given at the request of defendant, though the one given did not specifically state that plaintiff could not prevail, if the evidence was evenly balanced.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Trial ⬯260(8)—Request denying liability if defendant's servant could not have avoided accident is covered by instruction requiring negligence.**

A request to charge that defendant was not liable for the death of plaintiffs' son, if defendant's servant could not have avoided the accident, was sufficiently covered by instructions that plaintiffs could not recover, unless they established that defendant's servant was negligent.

Appeal from the Supreme Court of the District of Columbia.

Action by John T. Gately and another, as administrators of the estate of William Gately, deceased, against the Globe Furniture Company, a body corporate. Judgment for plaintiffs, and defendant appeals. Affirmed.

Milton W. King, of Washington, D. C., for appellant.

A. L. Newmyer, of Washington, D. C., for appellees.

SMYTH, Chief Justice. The Gatelys, as administrators of the estate of their deceased son, brought this action against the Globe Furniture Company, a corporation, to recover damages which they said they had sustained by reason of the death of their son through the negligence of an employé of the Furniture Company.

There was testimony that as the boy, who was about 8 or 9 years of age, was crossing from the east to the west side of Twenty-Third street, Washington, a large furniture truck, belonging to the defendant and driven by one of its employés, approached at a high rate of speed along the left, or wrong, side of the street, in violation of traffic regulations, and without any warning, knocked the boy down, inflicting the injuries which afterwards caused his death; that the boy could easily have been seen by the driver in time to have saved him, if he, the driver, had been looking, but that the driver did nothing to stop the truck or reduce its speed before the collision took place; and that the truck was going so rapidly that, after it hit the boy, it did not stop until it struck a tree near the curb. The verdict and judgment were for the plaintiffs, and the Furniture Company, alleging error, brings the case here for our review. Many errors are assigned, but they are grouped under four heads in appellant's brief, and as thus grouped we shall consider them.

[1-4] The father was asked if he had any means except his earnings, and he replied in the negative. No objection was made to the question. There was a motion to strike the answer, which was overruled. But the defendant did not except. Error cannot be predicated on the action of the court in admitting testimony, where no exception has been reserved. Allis v. United States, 155 U. S. 117, 122, 15 Sup. Ct. 36, 39 L. Ed. 91; Queenan v. Oklahoma, 190 U. S. 548, 23 Sup. Ct. 762, 47 L. Ed. 1175; Budd v. United States, 48 App. D. C. 332. Other questions having the same purport were asked and answered. No objection was interposed as to any of the questions, but after they had been answered a motion was made to strike out the answers. This practice is not to be approved. Objection should be made to the question when asked, unless counsel does not have an opportunity to make it before the answer comes. However, since the answer to the first question is properly in the record, no prejudicial error was committed

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in refusing to eliminate the other answers, as they were only cumulative. If there was any vice in the first one, the harm done by it could not be extracted by striking out the others. Besides, the testimony was competent in a case of this character as tending to aid the jury in determining the reasonable probability of the boy's contributing to the support of his parents, the plaintiffs, if he had not been killed. It was so held by this court in a well-considered case (United States Electric Co. v. Sullivan, 22 App. D. C. 115), in which many decisions are cited in support of the conclusion reached. This case has not been overruled or modified, so far as we are advised, and it is therefore decisive of the point in hand.

[5] In the course of its instructions, on the measure of damages, the court, at the request of the plaintiffs, told the jury that, in determining the amount of the plaintiffs' damages, they should take into consideration the age and health of the deceased, his capacity for labor, the probability of his living to the age of majority, and that the amount of their verdict should be measured "by such sum as the evidence may show the father would probably have received from decedent irrespective of whether or not the son was legally required to make such provision," less the usual and reasonable expense of caring for and rearing him. Counsel for defendant objected to the prayer as a whole. In this court their only criticism is directed to the words "be measured by such sum as the evidence may show the father would probably have received from decedent." Many elements in the instruction were undoubtedly proper; for instance, that part of it which stated that the jury should award the plaintiffs whatever they thought was "a fair compensation for the pecuniary or money value that the services of the decedent would have been to his next of kin." Yet, as we have said, the exception went to the whole instruction. It was too broad to raise a question for the consideration of this court. In Bernhardt v. City & Suburban Railway Co., 49 App. D. C. 265, 272, 263 Fed. 1009, we ruled that if a request contains more than one proposition of law, some of which are sound and others not, an exception to the whole is bad. An exception to an instruction should be specific, directing the mind of the court to some single point of alleged error. Guerini Stone Co. v. Carlin Construction Co., 248 U. S. 334, 348, 39 Sup. Ct. 102, 63 L. Ed. 275. See, also, Edgington v. United States, 164 U. S. 361, 365, 17 Sup. Ct. 72, 41 L. Ed. 467; Rogers v. The Marshal, 1 Wall. 644, 654, 17 L. Ed. 714; Washington & Old Dominion Railway v. Slyder, 43 App. D. C. 95, 100; Carmody v. Capital Traction Co., 43 App. D. C. 245, 251, Ann. Cas. 1916D, 706.

[6] The defendant requested the court to charge the jury that in determining the amount of their verdict, they—

"should fix it at that sum which represents the present cash value of the reasonable expectation of pecuniary advantage to the next of kin of the decedent, and not merely by multiplying the amount which you find the deceased might reasonably have been expected to contribute to such next of kin per year by the number of years during which such contributions would have been made."

If given, the instruction would have been confusing. It first says the jury shall fix the amount by ascertaining the present cash value of the

expected advantage, and then declares that the amount is not to be arrived at merely by multiplying, etc. "Merely" means only. Beckwith v. Commissioner of Patents, 252 U. S. 538, 544, 40 Sup. Ct. 414, 64 L. Ed. 705. And "not merely" means not only; that is, the amount shall be fixed not only by multiplying as indicated, but also by ascertaining the present cash value of the advantage. But it does not say what the jury should do with the result of the multiplication.

[7] If the word "merely" had been omitted, the meaning of the request would be plain, and it would come within the ruling of the Supreme Court of the United States in Chesapeake & Ohio Railway Co. v. Kelly, 241 U. S. 485, 489, 36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367; but, as it is, it does not. As framed, the prayer was properly refused, and it was no part of the court's duty to rewrite it. Jackson v. United States, 48 App. D. C. 272.

[8] Complaint is made because the court refused a prayer which, in effect, said that the burden of establishing negligence was on the plaintiffs, and that, if the evidence on that subject was evenly balanced, the verdict must be for the defendant. In a prayer granted at the request of the defendants, the matter was sufficiently covered. True, the jury were not specifically informed that, if the evidence was evenly balanced, the plaintiff could not prevail; but that was the clear purport of the instruction.

[9] The court declined to give a request which in substance said that, if the accident could not have been avoided by the exercise of due care on the part of the driver of the truck, the jury's verdict should be for the defendant. This was but another way of saying that plaintiffs could not recover, unless they established that the driver was negligent. The subject was fully covered by instructions given, and hence no error resulted from the refusal of the prayer. Finney v. District of Columbia, 47 App. D. C. 48, L. R. A. 1918D, 1103; Sinclair v. United States, 49 App. D. C. 351, 265 Fed. 991; Smith v. United States, 50 App. D. C. 208, 269 Fed. 860; Henry v. United States, 50 App. D. C. 366, 273 Fed. 330.

We are satisfied that no prejudicial error was committed, and, this being so, the judgment is affirmed, with costs.

Affirmed.