**STEWART et al. v. CAPITAL TRANSIT CO.**

No. 7141.

United States Court of Appeals for the District of Columbia.

Decided April 3, 1939.

On Rehearing Nov. 13, 1939.

Writ of Certiorari Denied Feb. 5, 1940.

See 60 S.Ct. 515, 84 L.Ed. ——.

VINSON, Associate Justice, dissenting on rehearing.

———◆———

Emory B. Smith, of Washington, D. C., for appellants.

Edmund L. Jones and H. W. Kelly, both of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and VINSON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal by the plaintiffs below from judgments of the District Court entered on a verdict for the defendant in two personal injury actions involving similar issues and consolidated for trial. One suit was by the injured person, Lottie Stewart; the other was by her husband for loss of services. Lottie Stewart was struck by a street car on Florida Avenue, N. W., in Washington, D. C. The complaints alleged negligence. The defendant pleaded, and the plaintiffs denied, contributory negligence. At the trial the plaintiffs contended that if there was contributory negligence on the part of Lottie Stewart, the defendant nevertheless had the last clear chance to avoid the accident. The errors assigned on the appeal reduce themselves to two—that the trial court erred in not instructing the jury upon the doctrine of last clear chance, and in not granting the plaintiffs' motion for a new trial.

The only instructions requested by the plaintiffs upon the doctrine of last clear chance were the following:

"[Plaintiffs' Prayer Number One] The jury is instructed in these cases that even though you find that the plaintiff, Lottie Stewart, may have been guilty of negligence which contributed to the accident and the injury by putting herself in a position of peril, yet if thereafter the defendant, seeing or should have seen the position in which she was, had opportunity or should have had opportunity, by the exercise of reasonable care and prudence, to save her from the consequences of her negligence, it was his duty to do so, and that was the proximate cause of the injury to the plaintiff, Lottie Stewart, both plaintiffs herein may recover.

"[Plaintiffs' Prayer Number Two] The jury is instructed that contributory negligence applies only where the negligent act of the plaintiff is concurrent in point of time with the negligent act of the defendant, so that the defendant has no opportunity to act with reference to the act of the plaintiff, that it has no application in these cases even if you find that there was negligence of the plaintiff, Lottie Stewart, which negligence was prior in point of time to that of the defendant, that under such circumstances the negligence of the plaintiff is not contributory, for the defendant's action should be controlled by the plaintiff's, whether the act of the latter was the result of carelessness or not,

that the plaintiff though guilty of concurrent negligence may recover if it appear either that the defendant might by a proper degree of caution, have avoided the consequences of the injured party's neglect, or the latter could not, by ordinary care, have avoided the consequences of defendant's negligence.

"[Plaintiffs' Prayer Number Three] The jury is instructed that if you find that the defendant was guilty of any one of the negligent acts alleged by the plaintiffs, which act was sufficiently prior in matter of time to any negligence of plaintiff, Lottie Stewart, which in the exercise of proper care and caution was in sufficient time to have prevented the consequences of said negligence and was the proximate cause of said accident and injury and losses incident thereto, both plaintiffs herein should recover, that the time of plaintiff's peril began when she entered within two feet north of defendant's outer west bound track and extended to a like distance to the south of defendant's outer east bound track, and in addition thereto the path of the automobile involved in the accident, that as soon as plaintiff, Lottie Stewart, entered upon defendant's west bound track and especially upon defendant's east bound track she was menaced by defendant's oncoming car."

The trial court refused to give these requested instructions and the plaintiffs excepted.

The refusal was proper. The requests are fatally lacking in clarity; and, so far as their meaning can be made out, they do not correctly state the law of last clear chance. Prayer No. 1 is defective in that it does not require either that the peril of the plaintiff Lottie Stewart be inescapable, or that she be oblivious to it. Prayer No. 2 is defective in the use of the disjunctive in the clause "may recover if it appear either that the defendant might . . . have avoided the consequences of the injured party's neglect, or the latter could not . . . have avoided the consequences of defendant's negligence." Under the first alternative of the disjunctive phrasing there is, as pointed out in respect of Prayer No. 1, no requirement that the peril of the plaintiff be inescapable or that she be oblivious to it. Prayer No. 3 is defective in that it is based upon a theory that the doctrine of last clear chance is applicable in circumstances where the defendant's negligence, and all of it, precedes that of

the plaintiff. But the doctrine does not apply unless the defendant's negligence consists in failing to extricate the plaintiff from a peril in which the plaintiff's negligence has placed him. It is to be noted that the sequence of contributory negligence and negligence in this prayer is the reverse of that stated in Prayer No. 2.

The trial court was under no independent duty to supply correct instructions, the plaintiffs' requests being defective. Robinson v. Parker, 1897, 11 App.D.C. 132; Globe Furniture Co. v. Gately, 1922, 51 App.D.C. 367, 279 F. 1005.

In respect of the motion for a new trial: We have considered the affidavits filed in support of the motion and are not able to reach a conclusion that there was any abuse of discretion on the part of the trial judge in denying the motion.

Affirmed.

### On Rehearing.

Before GRONER, Chief Justice, and STEPHENS, MILLER, EDGERTON, and VINSON, Associate Justices.

STEPHENS, Associate Justice.

This case was reheard on the question whether it is a requirement of the doctrine of last clear chance that the peril of the party who relies upon it be inescapable or that he be oblivious to it. The majority conclude that the question should be answered in the affirmative and that this case was correctly decided. Kansas City Southern R. Co. v. Ellzey, 1927, 275 U.S. 236, 48 S.Ct. 80, 72 L.Ed. 259; Toledo, St. L. & W. R. Co. v. Allen, 1928, 276 U.S. 165, 48 S.Ct. 215, 72 L.Ed. 513; Jackson v. Capital Transit Company, 1938, 69 App.D.C. 147, 99 F.2d 380; Kabler's Adm'r v. Southern R. Co., 1917, 121 Va. 90, 92 S.E. 815; Wilson's Adm'x v. Virginia Portland R. Co., 1917, 122 Va. 160, 94 S.E. 347; Harper, Torts (1933) § 140; Restatement, Torts (1934) §§ 479, 480. Since it is at least doubtful whether the facts of the present case justify application of the doctrine, we do not think we should undertake to discuss it in detail at this time.

Affirmed.

VINSON, Associate Justice (dissenting).

The appellants requested an instruction upon the doctrine of the last clear chance as set out in their prayer No. 1. In the original opinion, we held that the refusal to grant this prayer was correct; that the prayer was defective "in that it does not require either that the peril of the plaintiff Lottie Stewart be inescapable, or that she be oblivious to it." On rehearing the majority decide that, before the doctrine of last clear chance may be invoked, the peril must be inescapable or there be obliviousness to it. With this I cannot agree, nor do I think that the authorities cited by the majority support their conclusions.

Inescapable peril, or obliviousness to peril, may waken into action this doctrine, but I cannot agree to limit its scope to the presence of one of these conditions. It is much broader. For my position, I cite the following cases: Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 11 S.Ct. 653, 35 L.Ed. 270; Grand Trunk Railway Co. v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485; Chunn v. City & Suburban Railway of Washington, 207 U.S. 302, 28 S.Ct. 63, 52 L.Ed. 219; Hawley v. Columbia Ry. Co., 25 App.D.C. 1; Capital Traction Co. v. Divver, 33 App.D.C. 332; Baltimore & O. R. Co. v. Griffith, 34 App.D.C. 469; Washington Railway & Elec. Co. v. Cullember, 39 App.D.C. 316; Terminal Taxicab Co. v. Blum, 54 App.D.C. 357, 298 F. 679; Kelly Furniture Co. v. Washington Ry. & Elec. Co., 64 App.D.C. 215, 76 F.2d 985; Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628; Porto Rico Ry. Light & Power Co. v. Miranda, 1 Cir., 62 F.2d 479; Arnold v. Owens, 4 Cir., 78 F.2d 495; Linde Air Products Co. v. Cameron, 4 Cir., 82 F.2d 22; Kansas City Southern Ry. Co. v. Ellzey, 275 U.S. 236, 48 S.Ct. 80, 72 L.Ed. 259 (which re-states the doctrine, but holds it inapplicable therein).

I am of the opinion that the prayer was not defective in the particulars stated; that refusal to instruct on this issue was prejudicial error, and the judgment should be reversed and the case remanded for new trial.