**REGAL CLEANERS & DYERS, Inc., v. PESSAGNO.**

**No. 7195.**

United States Court of Appeals for the District of Columbia.

Decided Nov. 27, 1939.

Lawrence Koenigsberger, of Washington, D. C., for appellant.

Dante Galotta, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and STEPHENS, MILLER, EDGERTON, and VINSON, Associate Justices.

VINSON, Associate Justice.

This is an action to recover damages for personal injuries to the plaintiff alleged to have occurred as the result of the negligence of defendant's agent in the operation of an automobile truck in the city of Washington. From a judgment for plaintiff upon a verdict of a jury, defendant appeals.

On the morning of the accident plaintiff, appellee herein, left his place of business located on the east side of 7th Street, N. W., about the middle of the block south of D Street, for the purpose of going to the Lincoln National Bank at the southwest corner of 7th and D Streets. Plaintiff proceeded north on the east sidewalk of 7th Street to a point a little short of the crosswalk at the intersection of 7th and D. At this point he turned to cross to the west side of 7th Street. It was raining at the time, and the street was wet. When plaintiff left the east curb, the traffic light was red for northbound and southbound traffic. The street is 50 feet wide. North and southbound street car tracks occupy a little more than 15 feet of the center. The northbound track is on the east side of the center of 7th Street, the southbound track on the west side. When plaintiff reached the northbound track, he looked to see if the light had changed, and then looked down 7th Street to the south and noticed a truck about 120 feet away proceeding north. At the time plaintiff observed the truck, it was "straddling" the northbound track which he had then reached in his effort to cross the street. Plaintiff thereupon continued to walk straight across and had passed the northbound track and likewise the space between the two tracks and had reached the east rail of the southbound track when he "heard a screech", "like putting brakes on", and immediately thereafter he was struck and knew nothing more of what occurred. His daughter testified that the truck passed her about 80 feet from the place of accident, and that it was then running between 35 and 40 miles an hour.

The defendant's explanation of the occurrence was given by the driver of the truck, who testified that he was proceeding north on 7th Street at a speed of 20 to 22 miles an hour; that, after crossing Indiana Avenue, he noticed a blockade on the east side of 7th Street "in front of the Hub Company * * * about just in front of the corner of D Street"; that he continued at this rate of speed until about 5 or 6 yards south of the blockade, when he reduced speed to 10 or 15 miles an hour; that the plaintiff was crossing the street from west to east; that when he first observed him he was "away back"; that plaintiff was "out of my range"; that, in order to avoid the blockade, he changed the direction of his truck slightly to the westward and, in doing so, pulled his wheels onto the easternmost car tracks, and as he passed the blockade, the lights being against him, he applied his brakes and the rear end of the truck skidded on the wet rails and struck plaintiff and knocked him to the ground. The map exhibited in the trial, and other testimony for defendant would indicate the

location of the blockade about 70 feet south of the south east corner of 7th and D Streets. Testimony for plaintiff would indicate that the only barricade there at the time of injury was near the intersection of 7th and D Streets.

At the conclusion of all the evidence, defendant moved for a directed verdict, which the trial court refused. The ground of the motion was that no evidence had been offered tending to show that the accident was due to any other cause than the skidding of the truck and that that fact, without more, was not evidence of actionable negligence.

■ We approve the action of the trial court in denying the motion. The evidence for the plaintiff, together with the inferences which may be justifiably drawn therefrom, tends to show that the driver of the truck was exceeding the speed limit; that, after seeing the plaintiff in a position beyond his right-of-way, but close to the center line of the street, he continued to drive the truck at a high rate of speed on slippery car rails very near the center of the street and very close to the plaintiff at a time when the traffic light was red, which was notice to him that he must stop his truck before reaching the intersection; that there was a clear roadway between the rails and the curb which he could have used in preference to the wet rails; that he did not slacken his admitted speed of 22 miles per hour until very close to the intersection crosswalk, and that then he suddenly jammed on his brakes, causing the truck to skid and to strike plaintiff. In this state of the evidence, it was clearly for the jury to say whether the defendant's negligent operation of the truck was the proximate cause of plaintiff's injury.

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court." Grand Trunk Ry. Co. of Canada v. Ives, 144 U.S. 408, 12 S. Ct. 679, 683, 36 L.Ed. 485; Improvement Co. v. Munson, 14 Wall. 442, 448, 20 L.Ed. 867; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

Second: Defendant also assigns error to the court's charge to the jury in the respect that its charge on the subject of "last clear chance" should not have been given because there were no facts in the case on which the doctrine could be based, and upon the ground also that whether the operator of the truck saw the plaintiff or not was immaterial, in view of the manner in which the accident had occurred. At defendant's instance, the court charged the jury as follows: "In view of the testimony in this case I have ruled and now instruct you that the plaintiff, Mr. Pessagno, was negligent in going into and upon that part of the street which his own testimony and other testimony shows, and that the truck had the right of way. You will in your consideration of this case take that as a fact and deal with it accordingly."

We are of the opinion that this charge was improper. It was error to have told the jury that the plaintiff was guilty of negligence at law because he attempted to cross the street at a place other than the crosswalk. There was, at that time, no ordinance, or traffic regulation in effect in the city of Washington which forbade a pedestrian to cross a street except at the intersection crossings, and the most that we have held in this respect is that the driver of a vehicle in such circumstances has the right-of-way, and that the duty of the pedestrian is to look in both directions for danger when he starts to cross, and to continue to look in both directions until he reaches the other side. Plaintiff's testimony is that, when he left the curb, he looked to the north and saw that the signal light was against traffic crossing D Street, and that he looked to the south and saw no approaching cars; that when he got near the middle of the street he looked again and saw the approaching truck at a distance of some 120 feet; that he looked to the north and saw the red light still burning and then walked across the tracks and well out of the pathway of the approaching truck,— or, as defendant's driver stated,—to a position where he was "clear of my truck". Under these circumstances it was error to say that plaintiff was guilty of negligence.

Having announced to the jury the plaintiff's negligence as a matter of law, the court doubtless was then of opinion that it was entirely proper to charge that, notwithstanding this fact, the defendant would be liable if the driver of the truck failed to exercise ordinary care, after he saw plaintiff's peril, or by the exercise of ordinary care should have seen it, to avoid injuring him.

The majority of the court holds that the injection of the last clear chance doctrine into the case was improper because of the manner in which the accident occurred. Chief Justice GRONER, Associate Justices STEPHENS and MILLER hold the view that there was no evidence in the case tending to show that at the time the plaintiff saw the truck and at the time the driver saw the plaintiff the latter was in peril of being struck if the truck had maintained its direction along the right-hand driveway; that the evidence did not show that the accident occurred as a result of the change in the course of the truck; but, that the evidence unmistakably shows that the plaintiff was struck because of the excessive speed of the truck and the negligent failure of the driver to slow down as he approached the light-barred intersection in time to avoid the sudden application of his brakes and the natural skidding which then ensued on account of the wetness of the tracks and street. Associate Justice EDGERTON is of the opinion that there was no evidence which would support· a finding that any negligence of the plaintiff contributed to cause the accident. The majority is of opinion that the instruction given on the doctrine of the last clear chance is erroneous in that the district court did not define either that the peril of the plaintiff be inescapable, or that he was oblivious to it, which they hold to be essential to the doctrine. Stewart v. Capital Transit Co., (No. 7141, on rehearing, decided November 13, 1939), 70 App.D.C. 346, 108 F.2d 1.

However, the writer is of the opinion that there was evidence to support the instruction on the last clear chance, and that the instruction was properly·given. It was the defendant's theory that the plaintiff was negligent as a matter of law in crossing the street at a place other than a crosswalk. The jury was so instructed. As we have heretofore observed, the defendant's driver testified that plaintiff was crossing the street from *west to east;* that when he first saw him he was "away back"; and that, later he saw him "about the middle of the southbound track." Thus, the direction in which the defendant's driver testified that the plaintiff was walking would have carried him across the path of the oncoming truck, unless the plaintiff stopped and gave it the right-of-way. Under these conditions, the doctrine of the last clear chance comes into play, [1] and the court properly instructed the jury thereon. Nor does the writer agree with the majority that to invoke the doctrine of the last clear chance the peril of plaintiff must be inescapable, or he be oblivious to it. [2]

The majority of the court is of the opinion that it would be unjust to reverse the judgment below because of the error in the instruction, since they think that it was harmless. So, the court is in complete accord that there was no prejudicial error in the refusal to set aside the verdict of the jury and grant a new trial. The judgment, therefore, is affirmed.

Affirmed.

---

[1] Standard Oil Co. v. McDaniel, 52 App. D.C. 19, 280 F. 993; Goodyear Service, Inc. v. Pretzfelder, 65 App.D.C. 389, 84 F.2d 242.

[2] The dissent in Stewart v. Capital Transit Co., on rehearing, supra, with which this case was re-argued.