## BROPHY v. WESCHLER.

### No. 1662.

District Court of the United States for the District of Columbia.

Jan. 15, 1941.

Lester Wood, of Washington, D. C., for plaintiff.

Paul J. Sedgwick, of Washington, D. C., for defendant.

PINE, Associate Justice.

Defendant has moved for a new trial. The principal point is whether the court erred in giving an instruction on the last clear chance doctrine—not whether it was correctly given but whether the evidence justified it.

The action is for damages growing out of a collision between two automobiles. The collision occurred at 8:45 A. M., November 9, 1938. The streets were dry and the weather was clear. It occurred at the intersection of Independence Avenue and Second Street, S.W. Plaintiff was operating his automobile in an easterly direction on Independence Avenue; defendant was operating his automobile in a southerly direction on Second Street.

There was evidence introduced that defendant was negligent in several respects, among others, in failing to come to a stop before entering Independence Avenue in obedience to a "stop" sign, and that this negligence was the proximate cause of the collision. There was also evidence introduced of negligence on the part of plaintiff, among others, in failing to slow down on approaching the intersection and in driving at a greater rate of speed than was reasonable and that this negligence of plaintiff was a contributing cause of the collision. The facts being disputed, it was necessary to submit to the jury the question of defendant's negligence and the plaintiff's contributory negligence.

The next question was whether there was evidence justifying an instruction on the last clear chance doctrine. Plaintiff testified that he knew he was on a "through" street protected by a "stop" sign, that he entered the intersection before the defendant at which time he noticed defendant's automobile in the act of passing the "stop" sign and that notwithstanding he did not deviate his course but kept on going, placing reliance on being on a boulevard where he had the right of way. He further testified that he was not apprehensive that the collision would occur. Defendant's automobile struck plaintiff's automobile, resulting in plaintiff's automobile being turned over. There was no other vehicular traffic passing at the time, nor any excavation or obstruction either to hinder free movement or obscure vision. Plaintiff's peril was probably not inescapable as he could have

turned south on Second Street and have avoided the accident; rather the evidence showed that he was oblivious to his peril, otherwise he would have turned south and avoided the accident. Defendant, if plaintiff's testimony be believed, as it evidently was, in the exercise of reasonable care should have seen plaintiff's automobile in a position of peril at the time he passed the "stop" sign. He also, in the exercise of reasonable care, should have observed plaintiff's obliviousness to his peril in not deviating from his course. At that time, when he was aware of plaintiff's peril and obliviousness, or in the exercise of reasonable care, should have been aware of plaintiff's peril and obliviousness, he was able in the exercise of reasonable care to turn his automobile to one side or slow down and avoid striking defendant. Independence Avenue was 38 feet wide and the "stop" sign was 15 feet north of the north curb. The collision occurred on the south side of Independence Avenue. The foregoing is based largely on plaintiff's testimony which was disputed. Being disputed, it was necessary to submit the question to the jury under appropriate instructions as to the last clear chance doctrine as all of the elements of this doctrine appear to be present. Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380; Stewart et al. v. Capital Transit Co., 70 App.D.C. 346, 108 F.2d 1; Regal Cleaners & Dyers v. Pessagno, 71 App.D.C. 199, 109 F.2d 453.

As to plaintiff's prayers Nos. 2, 10 and 12, which were granted, they appear to state the law. As to Prayer No. 2, it should be pointed out that the court in its general charge to the jury instructed them as follows: "The burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence that defendant in the operation of his automobile was guilty of one or more of the alleged acts of negligence and that such act or acts as are found by you to have occurred constituted negligence and that such negligence was the direct and proximate cause of the collision and the resulting injuries and damages, if any to plaintiff and his automobile." See Danzansky v. Zimbolist, 70 App.D.C. 234, 105 F.2d 457.

As to the point that the verdict is excessive, I am unable to find that it is so excessive as to justify a new trial or a new trial unless a remittitur be filed. There was nothing in the trial of the case indicating that the verdict was the result of passion or prejudice.

There appear to be no sound bases for the remaining contentions of the defendant in support of his motion for a new trial.

Accordingly, the motion for a new trial is denied.