### FIDELITY & CASUALTY CO. OF NEW YORK v. MANLEY.

#### No. 10330.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1942.

Austin Y. Bryan, Jr., of Houston, Tex., for appellant.

F. Fox Benton, of Houston, Tex., for appellee.

Before HOLMES and McCORD, Circuit Judges, and DAWKINS, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment for appellee in an action for damages for personal injuries under the workmen's compensation law of Texas. Appellant contends that the appellee failed to meet the burden of proof requisite to recovery in a compensation case; that the judgment was excessive; and that the trial court's charge to the jury, with respect to instructions given and refused, was prejudicial and misleading.

It was admitted that appellee sustained compensable injuries at the time and place and in the manner alleged; the extent of the injuries was the only real issue below.

The evidence in behalf of appellee showed that Manley fell from a scaffold a distance of six feet, fracturing a bone in his left foot and injuring his left shoulder; that the injury to his foot, due to severe soreness, made him incapable of doing any work requiring him to stand thereon; that this condition would grow worse during his lifetime; and that the shoulder injury so restricted the movement of his arm that he could not reach above his head.

 Appellee was a carpenter over fifty years of age; his education and training did not qualify him to pursue any other gainful occupation. It is of no legal significance that the injuries sustained did not alone produce the condition complained of, since they acted as a catalytic agent upon otherwise dormant physical symptoms. The evidence justified the submission of the case to the jury, and warranted the jury in finding that a general injury of a permanently disabling character had been sustained.[1]

■ Appellant's specially requested instruction number ten was properly refused. The first portion of the instruction did not accurately state the law, the charge was contradictory within itself, and it would doubtless have served only to confuse the jury. In all respects the charge of the court fully and fairly presented the issues to the jury, and accurately stated the law applicable thereto. We find no reversible error in the record, and the judgment appealed from is

Affirmed.

---

[1] Lumbermen's Reciprocal Ass'n v. Anders, Tex.Civ.App., 292 S.W. 265, writ of error refused; Texas Employers' Ins. Ass'n v. Ray, Tex.Civ.App., 68 S.W.2d 290, writ of error refused; Texas Employers' Ins. Ass'n v. Hevolow, Tex.Civ. App., 136 S.W.2d 931, writ of error dismissed. Cf. New Amsterdam Casualty Co. v. Morrison, 5 Cir., 36 F.2d 216; Petroleum Casualty Co. v. Seale, Tex.Com. App., 13 S.W.2d 364; Standard Accident Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015; Texas Employers' Ins. Ass'n v. White, Tex.Civ.App., 79 S.W. 2d 911.