## MENTER v. BARNES et al.

### ADAMS v. SAME.

### Nos. 14786, 15115.

District Court of the United States for the District of Columbia.
Dec. 14, 1942.

A. M. Goldstein, of Washington, D. C., for plaintiff Eunice Menter.

William T. Hannan, of Washington, D. C., for defendant Sarah C. Ogden.

Douglas A. Clark, of Washington, D. C., for defendant Victor A. Barnes.

S. Preston Smith (of Smith & Edwards), of Washington, D. C., for plaintiff Ruth Adams.

MORRIS, District Judge.

These actions arose out of a collision between two automobiles, each being owned and operated by one of the defendants. The plaintiffs were passengers in the automobile being operated by the defendant Sarah C. Ogden. By agreement, the suits were consolidated for trial. A verdict was rendered in favor of the plaintiffs against the defendant Victor A. Barnes in both cases, and in both cases the verdict was in favor of the defendant Sarah C. Ogden.

The defendant Victor A. Barnes has moved for a new trial on several grounds, but the only one urged at the hearing is that the Court erred in giving an instruction to the jury on the doctrine of "last clear chance." During the trial the Court

was requested by the defendant Ogden to give on her behalf an instruction to the jury respecting this doctrine. The defendant Barnes objected, unless it was made applicable to both defendants, and also insisted in the course of argument that such doctrine did not have any proper application to this case. A charge was formulated and given to the jury as follows:

"One of the defendants in this case has asked for a charge on what is known as the last clear chance doctrine. You need not concern yourself with this doctrine unless and until you shall have found that, in the evidence leading up to the accident in question, both of the defendants were guilty of negligence. Should you find this to be the fact, then the doctrine of last clear chance may be invoked if you further find from the evidence that the following four elements existed:

"1. That one of the defendants was in a position of danger.

"2. That such defendant was unable to extricate himself or herself from this position of danger.

"3. That the other defendant was aware, or by the exercise of reasonable care should have been aware of the co-defendant's danger and inability to extricate himself or herself from danger.

"4. That the defendant aware of such danger, with the means available to him or her, was able to avoid striking the co-defendant after he or she became aware, or should have become aware, of the danger of the co-defendant, and inability to extricate himself or herself from danger, and failed to do so.

"If, under the instructions which I have given you, you find that it is appropriate to consider the doctrine of last clear chance, and if you further find that each of the four elements existed with respect to the accident in question, then the negligence of the defendant unable to extricate himself or herself would not be a proximate cause of the accident, and your verdict should be in favor of such defendant."

It is true, as the defendant Barnes now urges, that the doctrine is applied almost invariably at the instance of a plaintiff where contributory negligence of the plaintiff is asserted by the defendant. Indeed, it is asserted in some jurisdictions and by some commentators [1] that the doctrine is a qualification of the effect of contributory negligence. Until there is authoritative expression in this jurisdiction to the contrary, however, I must conclude, in line with the great weight of authority, that the doctrine of "last clear chance," in its origin and in its growth and development, is but a phase of the doctrine of proximate cause. [2] As succinctly put by Judge Learned Hand, speaking for the Circuit Court of Appeals for the Second Circuit, in Jerrell v. New York Central R. Co., 68 F.2d 856, 857, "* * * the theory commonly called the 'last clear chance,' * * * means that if two persons have been at fault and their faults are in sequence, the second comer in certain circumstances will be held solely responsible for the injury."

The "circumstances" which must be present to call that doctrine into play in this jurisdiction have been definitely settled by our Court of Appeals in Stewart et al. v. Capital Transit Co., 70 App.D.C. 346, 108 F.2d 1.

In the cases at bar, the real controversy was which of the two defendants negligently caused the injury to the plaintiffs complained of, with much the greater weight of the evidence pointing to the defendant Barnes. Viewed as an analysis and application of the principle of proximate cause, I see no reason why the instruction in question was not a proper one calculated to aid the jury in its determination of which defendant, if either, negligently caused the injury to the plaintiffs. Of course, if both defendants were negligent and their negligence continued and was not in sequence, then they would be joint tort-feasors, and the plaintiffs would be entitled to a verdict against both, but this is not the situation to which the questioned instruction was directed.

Furthermore, the jury could not have returned the verdict against the defendant Barnes, unless they were satisfied by the requisite degree of proof that the defendant was negligent, and that such

---

[1] A very erudite article by Professor Fleming James, Jr., 47 Yale Law Journal 704, seems to consider the doctrine of "last clear chance" to be responsive to a sociological development to qualify and modernize the effects of contributory negligence. He makes clear, however, that the rationale used by the courts is very different from his own, and I am more inclined to accept that of the courts.

[2] Note, 92 A.L.R. 47; Supplementary note, 119 A.L.R. 1041.

negligence was the proximate cause of the injury to the plaintiffs. The only parties who could be injured by the instruction were the plaintiffs, and they only to the extent that the instruction influenced, if it did influence, the jury in its verdict in favor of the defendant Ogden. In this case there are not present those circumstances and conditions upon which our Court of Appeals has decided that contribution could be enforced between joint tort-feasors, George's Radio, Inc. v. Capital Transit Co., decided February 2, 1942, App.D.C., 126 F.2d 219, as here the defendants personally participated and did not act through agents. Thus, the clear liability of the defendant Barnes is not the less because of the exoneration of the defendant Ogden.

The motion for a new trial is denied.