## HOWARD v. CAPITAL TRANSIT CO.
### No. 9462.

United States Court of Appeals

District of Columbia.

Argued April 14, 1947.

Decided Oct. 13, 1947.

Mr. Edmund D. Campbell, of Washington, D. C., for appellant.

Mr. George D. Horning, Jr., of Washington, D. C., with whom Mr. Frank F. Roberson, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, CLARK, and WILBUR K. MILLER, Associate Justices.

---

[13] D.C.Code 1940, § 12—201.

WILBUR K. MILLER, Associate Justice.

The appellant, Mrs. Eleanor Howard, sued the appellee, Capital Transit Company, in the District Court of the United States for the District of Columbia to recover damages for injuries sustained when she was struck by a streetcar. The jurors decided against her and she appeals, on the ground that the trial court erroneously refused to give them four instructions which she offered.

The accident may be thus described: on the afternoon of January 19, 1945, Mrs. Howard mounted the westbound streetcar loading platform in Pennsylvania Avenue just east of 17th Street. She walked westwardly as a westbound streetcar approached from behind her. Her testimony was that, on her signal, the car stopped and its door opened; as she was about to enter, the car started again, causing the door to strike her. All others who testified on the subject said the car did not stop and its door did not open. There was evidence that she stepped in front of the car.

It was undisputed that, even with the door open, no part of the car would overhang the platform. A bus, which Mrs. Howard knew would go nearer to her home than the streetcar would, was standing on the south side of Pennsylvania Avenue across the tracks from the loading platform.

Hence two courses were open to the jury: to accept Mrs. Howard's statement that the open door or some other part of the car struck her as she stood in fancied safety on the platform; or to accept the testimony of two witnesses who said she stepped from the platform into the path of the approaching car. The verdict shows the jury chose the latter course. That finding, amply supported by the evidence, will not be disturbed unless prejudicial error was committed by the court, as the appellant claims, in refusing to instruct the jury in accordance with her requests.

█ The appellant's first contention is that the court erred in refusing to give this instruction:

"The court instructs the jury that while the burden of proof is upon the plaintiff to establish the negligence of the defendant by a preponderance of the evidence, this proof of negligence or causation of the accident need not be established by testimony so clear that it excludes every other speculative theory."

Because she was unable to tell what part of the streetcar struck her, the appellant says this instruction was necessary fairly to present the law to the jury. She adds that it was based on almost identical language used by this court in Christie v. Callahan, 75 U.S.App.D.C. 133, 124 F.2d 825, 840. Such language does occur in that opinion. It must be remembered, however, that the Christie case involved an injury alleged to have been inflicted by a negligent X-ray treatment. The one simple legal proposition exemplified by the case is thus stated in the opinion:

"* * * We hold merely that the jury was justified in considering the character of the injury *in connection with the other evidence* to find that negligence existed." (Italics supplied.)

That amounted to saying that the doctrine of res ipsa loquitur was applicable,[1] for X-ray treatment carefully applied ordinarily does not produce such injury; hence the result might be considered by the jury, in connection with other evidence, as indicating that due care was not used in the treatment. The res ipsa loquitur doctrine is not urged as applicable in the instant case.

█ The appellant also argues that the District Court erred to her prejudice in refusing to give the following instruction:

"The court instructs the jury that if you believe from the evidence that at the time of or immediately prior to the accident the plaintiff was standing or walking on the platform adjacent to the street car tracks for the purpose of boarding the street car of the defendant and that this purpose on the part of the plaintiff continued until she was struck by said street car, then the plaintiff was legally in the position of a passenger in the care of the defendant, and as such entitled to receive the highest

[1] Pendergraft v. Royster, 203 N.C. 384, 166 S.E. 285, 292.

degree of care from the defendant and its agents to prevent injury to her; and in the event you find that the motorman of the defendant's street car failed to exercise such highest degree of care then your verdict should be for the plaintiff."

This court has not had occasion to attempt the formulation of a rule under which it may be determined when a prospective patron of a streetcar has attained the legal status of a passenger. Our decision in Jaquette v. Capital Traction Co., 34 App.D. C. 41, 25 L.R.A.,N.S., 407, may seem to follow Massachusetts rulings that one must actually lay hold of the car in order to become a passenger.[2] But the facts in that case were that Jaquette, intending to board a car which had stopped in the street to receive passengers, ·was injured stumbling over the fender as he crossed the track in front of the car. He had not signaled to indicate that he intended to board the car. So the Jaquette case holds no more than that one who, intending to board but giving no signal, walks in front of a standing streetcar and stumbles over its fender has not attained the passenger status.

We have not discovered any case in any jurisdiction holding that one attains the legal status of a passenger by merely standing or walking on a streetcar loading platform in the midst of a city street, with an undisclosed purpose of boarding an approaching car. We hold that such conduct does not give rise to the passenger relation unless accompanied by additional circumstances which we need not now enumerate. The trial court correctly rejected the requested instruction for the reason that, had it been given, the jury would have been told that Mrs. Howard was in law a passenger if the jury believed that just prior to the accident she was standing or walking on the loading platform with the intention, known only to herself, of boarding a streetcar.

We express no opinion as to whether it would have been proper to instruct that, if the jury believed the appellant's evidence as to what occurred, she had attained the legal status of a passenger and so was entitled to the highest degree of care, for the instruction requested by the appellant was not of that nature, although it may have been so intended. It is not the duty of a trial court to rewrite an incorrect request to charge.[3]

The instruction under discussion was not justified by Great Falls and Old Dominion Railway Co. v. Hammerly, 40 App. D.C. 196, cited by the appellant as having that effect. In that case Hammerly was injured while standing on a suburban station platform owned and controlled by the railway company, so we applied the criterion of the railroad station cases in determining that Hammerly was a passenger.

The appellant says the court erred in refusing a third instruction to the effect that it was the company's duty to furnish a reasonably safe loading platform. There was no pleading or proof that the platform, which conformed to governmental specifications, was unsafe. Statements of irrelevant principles of law, however sound in the abstract, have no place in instructions to juries.

The fourth instruction offered by the appellant and refused by the court was that a verdict may be found on the testimony of one witness, even if a number of witnesses contradicted him. On that subject, the court charged the jury that "By a fair preponderance of the evidence is not meant the greater number of witnesses. * * *" In view of this, the appellant was not prejudiced by the court's·refusal to give the instruction in the form requested by her.

Since the only ·reasons for reversal advanced by the appellant are, in our view, without substance, the judgment of the District Court entered pursuant to the verdict must stand.

Affirmed.

[2] Franz v. Holyoke Street Ry. Co., 239 Mass. 565, 132 N.E. 270; Duchemin v. Boston Elevated R. Co., 186 Mass. 353, 71 N.E. 780, 66 L.R.A. 980, 104 Am. St.Rep. 580, 1 Ann.Cas. 603; Davey v. Greenfield & T. F. Street R. Co., 177 Mass. 106, 58 N.E. 172.

[3] Stewart v. Capital Transit Co., 70 App.D.C. 346, 108 F.2d 1, certiorari denied 309 U.S. 657, 60 S.Ct. 515, 84 L. Ed. 1006, rehearing denied 309 U.S. 696, 60 S.Ct. 607, 84 L.Ed. 1036; Globe Furniture Co. v. Gately, 51 App.D.C. 367, 279 F. 1005; Robinson v. Parker, 11 App.D.C. 132.