Lucille **HARDING**, Plaintiff,

v.

James **EVANS**, Defendant-Third-Party Plaintiff,

v.

Paul A. **WEYAND**, Third-Party Defendant.

Civ. No. 6817.

United States District Court
M. D. Pennsylvania.
July 31, 1962.

Pinkus, Griffith, Utan & Rubenfeld, Scranton, for plaintiff.

James W. Scanlon, Scranton, for defendant-third-party plaintiff.

Walsh & O'Neill, Scranton, for third-party defendant.

———◆———

SHERIDAN, District Judge.

This is a motion by plaintiff for a new trial in a negligence action in which the jury returned a special verdict. The Court entered judgment on the verdict in favor of the defendant, James Evans.

Jurisdiction is based on diversity of citizenship and the jurisdictional amount. Pennsylvania law controls.

On November 10, 1957, a car operated by Paul A. Weyand, third party defendant, collided with a car operated by James Evans, defendant. Plaintiff was a passenger in the Weyand car. The accident happened on a bridge on Route 11 in Nicholson, Pennsylvania. Road conditions were bad. Some snow or sleet was either falling or had just fallen. Evans, proceeding South, entered the bridge, which was about 125 feet long and had two lanes, when the Weyand car, proceed-

ing North and entering the bridge at the opposite end, skidded across the center line and collided with the Evans car at about the middle of the bridge. While Weyand did not know on whose side of the road the collision occurred, there was ample uncontradicted testimony that it occurred in Evans' lane. Evans testified he was travelling about 20 to 30 miles an hour as he entered the bridge. He attempted to steer to the right as far as possible, but did not use his brake because of the icy condition of the bridge. The evidence on the speed of Weyand was conflicting. Evans said Weyand was travelling at about 50 miles an hour, while Weyand said his speed was about 25 miles an hour. Weyand admitted that he skidded and lost control of his car.

Plaintiff did not sue Weyand because she had settled her claim against him for $4,500.00. She gave him a release which provided, "It is further agreed that in the event the parties are responsible to me/us for damages as a result of this accident, the execution of this agreement shall operate as a satisfaction of my/our claim against such other parties to the extent of the pro rata share of the parties herein released." This release was given in pursuance of the "Uniform Contribution Among Tortfeasors Act" of July 19, 1951, P.L. 1130, 12 P.S. § 2082 et seq., which provides in § 2086:

"A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release * * * provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors."

Evans brought in Weyand as a third party defendant. Weyand pleaded the release as a defense. Weyand was retained in the action because of the valuable right belonging to Evans under the joint tortfeasor act. Even though plaintiff could not recover against Weyand, if the jury found Weyand was a joint tortfeas-

854

or, the damages payable by Evans to plaintiff would be cut in half.[1]

The charge included instructions on negligence, concurrent negligence, proximate cause, intervening act and superceding cause, sudden emergency, and skidding, together with other standard charges on liability. The jury was instructed to return a special verdict on issues framed by the Court. The issues and the jury's answers were:

"1. Was the defendant, James Evans, negligent and did his negligence proximately cause the accident or proximately contribute to the accident?

Yes _____

No   xx   _____

"2. Was the third party defendant, Paul A. Weyand, negligent and did his negligence proximately cause or proximately contribute to the accident?

Yes   xx   _____

No _____

"3. What is the dollar amount of damages suffered by Lucille Harding?

$16,000.00

There were no objections to the charge or to the issues submitted to the jury. Plaintiff bases her motion on the Court's denial of her request for two additional instructions.

■■ The first request was plaintiff's third point for charge:

"3. If you find that defendant Paul A. Weyand got himself into a position of helpless peril so that it was no longer possible for him to extricate himself, i. e., his remaining in that position was no longer volitional and that the defendant, James Evans by the exercise of ordinary care could have avoided the accident

and thereafter was negligent, then you must find that plaintiffs' and defendants' negligence were both proximate causes of the accident."

Under the evidence the accident occurred within a few seconds after Weyand's automobile began to skid. Evans was entitled to an instruction on the law of sudden emergency. The jury was instructed that when one finds himself in a position of sudden danger which is not the result of his negligence, he is not responsible if he makes a mistake in judgment in getting out of that position; negligence may not be implied because of a failure to perform a duty so suddenly and unexpectedly arising that there was no opportunity to apprehend the situation and to act according to the exigency; an honest exercise of judgment is all that is required even if he could have done better had he had time to deliberate.[2]

It was left to the jury to consider whether Evans found himself in such a position of danger, whether he had an opportunity to apprehend the situation and act accordingly. Evans was not under a duty to exercise ordinary care if the jury found he was confronted with a sudden emergency. The point was improper because it did not allow for a mistake in judgment. It would have withdrawn from the jury the above principles of sudden emergency.

■ The requested point is also inaccurate in its designation of the parties. While the point discusses the actions of defendants Evans and Weyand, it concludes that the jury must find that "plaintiffs' and defendants' negligence were both proximate causes of the accident." If counsel intended the point to relate to defendant-third party plaintiff, Evans, and third party defendant, Weyand, it was not the duty of the trial court to rewrite the incorrect request for charge. Howard v. Capital Transit Co., D.C.Cir.

1. Civil Action No. 6442, in which the plaintiffs were Martha Burkhardt and her husband, Carl Burkhardt, and defendant was Weyand and the third party defendant was Evans, was tried at the same time. Mrs. Burkhardt was a passenger in the Evans car. The jury returned a special verdict on which the Court entered judgment in favor of the plaintiffs and against the defendant, Weyand. No motions were filed in this action.

2. Liuzzo v. McKay, 1959, 396 Pa. 183, 187, 152 A.2d 265.

1947, 163 F.2d 910. Rule 25 of the Rules of this Court provides:

"Points on which the court is requested to charge * * * shall be * * * so framed that they can be answered by simply affirming or denying them."

A requested instruction which does not accurately state the law and is contradictory within itself is properly refused. Fidelity & Casualty Co. of New York v. Manley, 5 Cir. 1942, 132 F.2d 127.

The second request was made by plaintiff's counsel at side-bar after the charge.

By Mr. Utan: "Since the Court has asked for specific answers—specific situations, we request that the jury be told that any verdict against the Defendant Weyand the Plaintiff Harding can not recover damages."

■■ When a special verdict is used, the court should give only such instructions as it considers necessary for the jury to make intelligent findings. 5 Moore, Federal Practice, par. 49.03 [3], at 2207 (2d ed.). The jury was instructed on the legal principles to be applied in resolving the issues. McDonnell v. Timmerman, 8 Cir. 1959, 269 F.2d 54. Plaintiff did not object to these instructions. That plaintiff could not recover damages from Weyand is not relevant.

Plaintiff's motion states that the case was submitted on a general verdict with written interrogatories. This is incorrect. The jury was instructed to answer special interrogatories under Rule 49(a), Federal Rules of Civil Procedure, 28 U.S.C.A., not to return a general verdict with written interrogatories under Rule 49(b). Norfolk Southern Ry. Co. v. Davis Frozen Foods, Inc., 4 Cir. 1952, 195 F.2d 662; McDonnell v. Timmerman, supra.

■ The legal effect of the jury's answers to special interrogatories propounded under Rule 49(a) is for the court. In Cate v. Good Bros., Inc., 3 Cir. 1950, 181 F. 2d 146, 149, Judge Hastie said:

"The only substantial point made by the appellant with reference to so much of the charge as covered these interrogatories is that the court should have specifically directed the attention of the jury to the existence and nature of the legal obligation of the seller to mitigate damages through the use of all diligence in disposing of the cheese returned to him at the best available prices. But the procedure of special interrogatories leaves to the trial judge the responsibility of applying appropriate legal principles to the facts found by the jury. Interrogatory No. 8 stated clearly and adequately the issues of fact concerning the conduct of the seller in accomplishing the resale of the cheese. It was for the court to decide on the jury's answer to this interrogatory whether the obligation to mitigate damages had been discharged. The jury did not require information or guidance concerning the legal principles which the judge would apply to their findings."

■ This was an ideal case for the use of a special verdict. Two actions, Civil Action No. 6442 and Civil Action No. 6817, were being tried together. There were third party proceedings in both actions. Also, in Civil Action No. 6817, there was a counterclaim by defendant, Evans, against third party defendant, Weyand, for damages to the Evans car. The Court deemed it unwise to use the traditional general verdict or a general verdict accompanied by special interrogatories under Rule 49(b). Plaintiff did not object to the charge, to the use of special interrogatories, or to the issues framed for the jury, which were submitted to all counsel in advance for review. The Court applied legal principles to the answers of the jury. This was proper under Cate v. Good Bros., Inc., supra. There was no error.

The motion for a new trial will be denied.