## NEW AMSTERDAM CASUALTY CO. v. MORRISON.

Circuit Court of Appeals, Fifth Circuit.
November 29, 1929.

No. 5555.

Neal Powers, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for appellant.

John Davenport, of Wichita Falls, Tex. (Milburn E. Nutt, Davenport & Crain and John Davenport, all of Wichita Falls, Tex., on the brief), for appellee.

Before WALKER and FOSTER, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was a suit under the Texas Workmen's Compensation Law. The appellee's petition contained allegations to the following effect: While appellee was acting in the course of his employment, two or more pieces of steel penetrated his right eye as a result of an act of a coemployee while engaged in the same employment. Because of the injury so received, appellee's eye was removed, and, due to the steel particles being embedded in the eye, poisons were formed which had the effect,

in addition to destroying the sight of the right eye, of injuring and incapacitating the other eye, and then extending to appellee's entire system, whereby his nerves and circulatory system were severely damaged and poisoned, rendering him totally disabled from performing any character of work. There was evidence tending to support those allegations. The appellant excepted to instructions of the court to the jury to the effect that compensation was allowable for the total and permanent loss of the sight of the right eye, and also for total incapacity of the appellee resulting from the injury alleged.

The above-mentioned statute, after making provision for compensation for total incapacity resulting from an injury sustained by an employee in the course of his employment, provides as follows: "For the injuries enumerated in the following schedule the employé shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wages of such employé, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, to-wit: * * * For the total and permanent loss of the sight of one eye, sixty per cent. of the average weekly wages during one hundred weeks." Revised Civil Statutes of Texas 1925, art. 8306, §§ 10 and 12.

Texas decisions construing the statute in question are to the effect that, where an injury to an employee results, not only in the loss of a member, compensation for which is specifically provided for in the above set out part of the statute, but also in so affecting other parts of the employee's body or his system as a whole as to cause a permanent incapacity to perform the duties of such an occupation as he had been engaged in, compensation is allowable both for the loss of member specifically provided for, and for such permanent, partial, or total incapacity so caused. Standard Acc. Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Texas Employer's Ins. Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84; Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364, 366; Maryland Casualty Co. v. Laughlin (C. C. A.) 29 F.(2d) 343. In the argument in behalf of appellant stress was laid upon the feature of the above set out provision making the prescribed compensation for a specific injury scheduled "in lieu of all other compensation except," etc. The provision of which the just quoted language is a part deals only with the subject of compensation for the specific injuries scheduled. That language has the effect of making the prescribed compensation for one of those specific injuries in lieu of all other compensation for that injury, except medical aid, etc., but does not purport to have the effect of making the allowance of the prescribed compensation for that specific injury a bar to an allowance of compensation for a permanent incapacity of the employee due to bodily injuries other than that specific one which resulted from the same casualty.

We conclude that the ruling in question was not erroneous. The judgment is affirmed.