## JARRETT v. TRAVELERS' INS. CO.
### No. 4096.

Court of Civil Appeals of Texas. Amarillo.
Nov. 15, 1933.

Rehearing Denied Dec. 13, 1933.

Jas. O. Cade and E. T. Miller, both of Amarillo, for appellant.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellee.

JACKSON, Justice.

This is an appeal from a judgment sustaining a plea in abatement and a plea to the jurisdiction of the court, urged by appellee to appellant's suit instituted in the district court of Moore county to set aside an award of the Industrial Accident Board allowing unsatisfactory compensation for injuries appellant claims to have received in the course of his employment for the Canadian River Gas Company, which carried indemnity insurance for its employees with appellee.

The record discloses the following: Appellant, Harry Jarrett, on Friday, October 2, 1931, at 1:30 p. m., while lifting a chain hoist in the discharge of his duty to his employer, strained his back. A timely report of the accident and injury was made by his employer to the appellee, Travelers' Insurance Company, and also to the Industrial Accident Board, which was received and filed by the board October 8th as claim R—5105. Appellant performed no labor on the day of the accident after it occurred, consulted a physician on several subsequent days, but continued his work until October 27th, on which date, while rolling the flywheel of a 100 h. p. engine, something gave way in his back similar to, but more severe than the strain occurring on October 2d. On November 28th thereafter, the employer notified appellee that appellant had continued to work from October 2d to October 27th but was forced to quit on the last-named date because of the injury received October 2d, and was entitled to compensation. A copy of this notice was furnished to the Industrial Accident Board.

The appellant went to the Northwest Texas Hospital immediately after the 27th, where he was treated for several weeks. While there, at the request of Wm. R. Klingensmith, physician, the Industrial Accident Board, from time to time by letter referring to the claim as R—5105, authorized the continuance of hospital services until May 12, 1932. In July thereafter the appellant went to St. Anthony's Hospital at Oklahoma City where

he remained for 3 weeks. In August he went to the Mayo Clinic at Rochester, Minn., which reported that he had a limitation of motion of the spine in all directions; that the X-ray showed an apparent injury to the third lumbar vertebræ and should the condition become worse, a bone graft operation would probably be necessary.

The appellee paid appellant compensation, of which it advised the Industrial Accident Board, until July 19, 1932, and on August 3d advised the board that it declined to make further payments. On August 9th the board wrote appellant of the action of appellee and requested that he file his claim for continued compensation at once if he thought he was disabled and entitled thereto. On September 1st, in compliance with such request, appellant sent his claim, which was received and filed by the board on September 3d as claim R—5105. On September 1st he also sent notice to appellee of the accident and injury of October 27th. After all parties were notified thereof, a hearing was had before the board on November 16, 1932, and a final order entered reciting, in effect, that on October 2, 1931, the appellant suffered an injury in the course of his employment for the Canadian River Gas Company, resulting in total incapacity and awarding him compensation at the rate of $20 per week for an indefinite period, not exceeding 100 weeks.

In addition to the notices, claim, correspondence, payment of compensation, and the affidavit of appellant showing the above facts, there was before the board when it made its award on November 16, 1932, the affidavit of Ed Bostick showing in effect that some time prior to October 27th he saw a chain hoist taken from the track by appellant, who immediately stated that he had strained his back in so doing. That affiant was an eyewitness to the accident and injury on October 27th. The report of Dr. B. M. Puckett was also before the board, in which it is recited that appellant claimed that his hand slipped off a chain hoist and injured his back on October 2, 1931; that he returned to his work and on October 27th thereafter, while turning a flywheel to time an engine, he twisted his back, which disabled him. Also the report of Dr. Wedel, dated April 27, 1932, made to the appellee, reciting that appellant claimed to have strained his back on October 2, 1931, worked on until October 27, 1931, when he again hurt his back timing an engine.

On November 22d the appellant notified the Industrial Accident Board that he refused to abide by its decision of date November 16th, and would file suit in a court of competent jurisdiction within twenty days to set aside such award and to recover compensation for the term of 401 weeks in a lump sum.

On November 30, 1932, the appellant instituted this suit in the district court of Moore county and, among other things, alleged that on October 27, 1931, in the course of his employment, he sustained serious and permanent injury to his back while rolling a flywheel to time a 100 h. p. engine. On March 20, 1933, with leave of the court, he filed his first amended original petition, alleging that on October 2, 1931, he "reached up over his head, took hold of and lifted a chain hoist from the track, which was over head, and let it to the floor; that in doing so he strained, twisted and wrenched his back and so injured himself that he was unable to work any more thereafter for four or five days, but that on or about the 7th or 8th day of October, 1931, plaintiff returned to work for said employer but continued to suffer great pain in the back. Plaintiff shows to the Court that thereafter on or about the 27th day of October, 1931, he started to time a 100 h. p. engine in the plant belonging to the Canadian River Gas Company while engaged in the course of his employment and while rolling a fly wheel, he felt something give way in his back and that thereafter he became very ill and was forced to cease his labors and that since said day plaintiff had been unable to do any work whatever." He sets out then in detail his injuries that they are permanent and "that the injury received on October 2, 1931, as above described, was the efficient, exciting and contributing cause of such total and permanent incapacity; and plaintiff alleges this condition is permanent, such permanent incapacity beginning October 27, 1931."

In support of the judgment of the court, the appellee contends that in his original petition, filed within 20 days after the award of the board on November 16th, appellant sought to recover compensation for the injury he received in the accident of October 27, 1931, and, inasmuch as no claim for such injury had been presented to or passed upon by the board, the court acquired no jurisdiction of appellant's suit. That the amended original petition filed on March 20, 1933, in which appellant sought to set aside the decision of the board awarding compensation for the injury received October 2, 1931, was not filed in the time prescribed by the statute (R. S. 1925, art. 8307, § 5, as amended (Vernon's Ann. Civ. St. art. 8307, § 5), and hence the court was without jurisdiction to set aside such award.

Under the Workmen's Compensation Law, "process and procedure shall be as summary as may be under this law." Article 8307, § 4, R. S. 1925.

"An examination of the Industrial Accident Board statute shows that no particular proceedings are required. All that is required there is an intelligible statement of the matter in controversy, identifying the interested parties and giving such facts as are necessary for the Board to understand the nature of the matters in controversy, and that

its rulings and decisions relating to the claim should be on the facts presented." Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752, 754.

"The appellant concedes that the appellee may, under appropriate conditions, file an amended claim before the board, and it does. not contend that the plaintiff cannot, in the district court, go into a more detailed inquiry with reference to his general injuries than the manner in which they were described in his claim for compensation before the board. In considering these points it must be borne in mind that the pleadings and proceedings before the board are simple and summary. American Employers' Ins. Co. v. Scott (Tex. Civ. App.) 33 S.W.(2d) 845; Texas Employers' Ins. Ass'n v. Haney (Tex. Civ. App.) 28 S.W.(2d) 850; Millers' Indemnity Underwriters v. Hughes (Tex. Civ. App.) 256 S. W. 334; Fidelity Union Casualty Co. v. Cary (Tex. Com. App.) 25 S.W.(2d) 302; Texas Employers' Ins. Ass'n v. Jimenez (Tex. Civ. App.) 267 S. W. 752." Texas Indemnity Ins. Co. v. Bridges (Tex. Civ. App.) 52 S.W.(2d) 1075, 1076 (writ denied).

■ "The scope of the inquiry in a suit to set aside the award of the board has been the subject of frequent adjudication, and, although the particular question here raised does not appear to have arisen, the uniform holding has been that, where the claim sought to be established in the suit to set aside the award is the same general claim as that asserted before the Accident Board, the action is maintainable with reference to every item or claim that could have been asserted before the Accident Board, or finding that such board could have made." Ætna Life Ins. Co. v. Culvahouse (Tex. Civ. App.) 10 S.W.(2d) 803, 805.

"The final award of the Industrial Accident Board, from which appellee duly prosecuted his appeal by this suit, awarded him compensation for an injury as of date January 6, 1926. By his pleading and testimony in this suit he prayed for and recovered judgment for an injury sustained by him 'on or about the 31st day of December, 1925.'

"Appellant contends that the cause of action involved in this appeal is different from the one adjudicated by the Industrial Accident Board, on the theory that the Industrial Accident Board's award was for an injury of date the 6th of January, 1926, while this suit involves an injury as of date December 31, 1925. The proposition is that the cause of action involved in this suit was never adjudicated by the board, and therefore the district court was without jurisdiction.

"This proposition is without merit. The proof shows beyond controversy that appellee suffered only one injury; that the facts of that injury were presented to the Industrial Accident Board, and the facts of the same injury were presented to a jury in this case." Security Union Casualty Co. v. Frederick (Tex. Civ. App.) 295 S. W. 301, 302 (writ refused.)

■ "A distinction is made in compensation cases between an accident to an employee and the injury, if any, resulting therefrom. Injury in this sense means the state of facts or condition which entitles the employee or his beneficiaries to compensation. The two elements are not necessarily concurrent. The injury may develop long after the accident but still be the result thereof, within the requirements of the act." Texas Employers' Ins. Ass'n v. Herron (Tex. Civ. App.) 29 S.W.(2d) 524, 526, and authorities cited.

■ The record discloses but one injury, which had its inception in the accident of October 2d and culminated in the accident of October 27th, resulting in appellant's incapacity to perform work and labor. Texas Employers' Ins. Association v. Clark (Tex. Civ. App.) 23 S.W.(2d) 405. Appellant's original petition was not subject to a general demurrer and was sufficient to toll the statute under the holding in White v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 45 S.W.(2d) 756.

The facts of both accidents and the results thereof were before the Industrial Accident Board when it made its award November 16, 1932, and we are of the opinion that the record discloses that the board included in its award compensation for the injury occasioned by the two accidents, although they occurred on different dates.

Article 8307, § 5, R. S. 1925, as amended (Vernon's Ann. Civ. St. art. 8307, § 5), among other things provides, in substance, that, if the ruling of the board is against the association (appellee herein), it shall at once comply with such final decision or be subject to a forfeiture of its permit to do business in this state, unless there is an appeal from such award. The appellee did not appeal, and, if the court did not acquire jurisdiction by appellant's appeal, it is a significant fact that default had been made by appellee in failing to comply with the decision of the board and pay appellant the compensation therein awarded.

We are of the opinion that the court committed reversible error in sustaining appellee's pleas and dismissing appellant's suit.

■ If, as appellee contends, however, the board awarded compensation only for the incapacity resulting from the accidental injury occurring on October 2d, and the injury occasioned by the accident of October 27th was a separate injury caused by an independent accident and not included in the award, then the board's failure to dispose of the claim for incapacity resulting from the injury received October 27th was a denial of

418

compensation for such incapacity and the refusal to allow compensation therefor authorized an appeal therefrom, because the claim for and the facts of such accident and the result thereof were before the board when the award was made. Welch v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 54 S.W.(2d) 1040. Appellant's original petition was filed in due time and the allegations thereof gave the district court jurisdiction to determine, if the board had denied such relief, whether or not he was entitled to compensation for incapacity from the accidental injury of October 27, 1931.

The judgment is reversed and the cause remanded.