## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO. v. DAFFERN.
### No. 7836.

Circuit Court of Appeals, Fifth Circuit.
Jan. 17, 1936.

Rehearing Denied Feb. 21, 1936.

Daffan Gilmer, of Houston, Tex., for appellant.

Lamar Cecil, of Beaumont, Tex., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellee against the appellant, the insurer of appellee's employer under the Workmen's Compensation Law of Texas (Vernon's Ann.Civ.St. art. 8306 et seq.), to set aside an award made by the Industrial Accident Board of Texas, and to recover the amount recoverable under that statute for total permanent disability resulting from an injury sustained by appellee, an employee, while engaged in work as such employee, and the amount of expenses incurred by appellee for medical and surgical treatment. Id., art. 8307, § 5. Appellee's petition as it was amended contained allegations as to his sustaining an accident on April 4, 1934, while engaged in lifting a heavy steel shaft, and as to his sustaining an injury on or about April 9, 1934, while, in the course of his employment, lifting a heavy keg of nails, which last-mentioned injury resulted in hernia. Following averments as to the appellee being operated on for hernia, and being long confined in bed by reason of such operation, the petition as amended alleged to the effect that the injuries and the hernia caused thereby, the operation and the resulting confinement in

bed, all acting either separately or concurrently, produced in appellee's body a condition known as spastic colon and a general nervous disturbance in the spinal column and other parts of his body, and that by reason of that condition appellee was totally and permanently disabled.

In the trial, the appellee, for the purpose of proving the statutory prerequisites (Id., art. 8307, § 5) of the existence of his right to maintain his action, offered evidence of the following: Of his giving notice to the Industrial Accident Board of an injury suffered by him on April 4, 1934, in lifting line shaft on his employer's premises; of his giving notice to that board of injury suffered by him on April 9, 1934, in same employ and same place, in lifting a keg of nails; of appellee filing with said board claim for compensation by reason of personal injury suffered in course of his employment on April 4, 1934, in lifting line shaft, and for personal injury in same employ at same place on April 9, 1934, in lifting keg of nails, and of an award made by that board in favor of appellee of compensation for an injury suffered by him in course of his employment on April 4, 1934. After it was disclosed by testimony offered by the appellee that his claim for compensation was based on injury resulting from the accident on April 9, 1934, and that appellee admitted there were no injurious consequences from the accident of April 4, 1934, the defendant (appellant here) moved the court to instruct a verdict for the defendant, on the ground that no predicate had been laid for the jurisdiction of the court with reference to any accident occurring on April 9th, in that it appears that there were two accidents, one on April 4th and the other on April 9th, and the award made by the board relates definitely to an accidental injury on April 4th. By stipulation of the parties it was "agreed that not only were the two accidents reflected in the notice which claimed compensation, but they were actually before the Board in the form of testimony." The court overruled said motion for an instructed verdict.

The award made by the Industrial Accident Board having been the result of a hearing in which was adduced evidence as to the two accidents, and it appearing that appellee was not injured on April 4, but suffered a compensable injury on April 9th, that award is to be construed in the light of what the board had before it for consideration in reaching its conclusion. The award made covered compensation to appellee in a stated sum per week for a period not exceeding 26 consecutive weeks from April 4, 1934, and stated amounts of expenses incurred for medical and surgical services rendered, for attorney's fees, and for hospital and other expenses incident to the treatment for the injury sustained. The compensation awarded was the amount allowable for hernia resulting from an injury sustained by an employee in the course of his employment when the employee submits to an operation for hernia and that operation is successful. Id., art. 8306, § 12b. It appears that a hernia did not develop prior to the accident of April 9th. In the circumstances disclosed, the action of the board in basing its award on an injury sustained on April 4 fairly imports that the board concluded that the injury for which compensation was awarded had its inception in the accident of April 4, though that injury was not consummated prior to the accident of April 9. As it clearly appears that the board awarded compensation for the injury, the hernia, which did not develop prior to the accident of April 9th, and the payment of the amount of expenses for medical and surgical treatment for the cure or removal of the hernia, it cannot properly be said that the action taken by the board had reference only to an injury suffered by the appellee on April 4th, as the injury for which compensation actually was allowed did not develop prior to appellee being subjected, on April 9th, to the strain incident to lifting a keg of nails. No particular proceedings before the board are required. "All that is required there is an intelligible statement of the matter in controversy, identifying the interested parties and giving such facts as are necessary for the Board to understand the nature of the matters in controversy, and that its rulings and decisions relating to the claim should be on the facts presented." Texas Employers' Ins. Ass'n v. Jimenez (Tex.Civ. App.) 267 S.W. 752, 755. It is disclosed that when the board acted it had before it evidence as to all that had occurred bearing on the question of appellee's right to relief under the statute. From what the board did it fairly is to be inferred that, while it appears that it, inadvertently or mistakenly, regarded the strain to which appellee was subjected on April 4th as the initial cause of the injury for which compensation was allowable, in fact it awarded compensation for the injury which appellee attributed to the accident of April 9th, and also provided

for the payment for medical and surgical treatment for that injury. The board in fact having awarded compensation for an injury, the hernia, which was disclosed, the claim that it did not take action with reference to that injury is not sustainable. Jarrett v. Travelers' Ins. Co. (Tex.Civ.App.) 66 S.W.(2d) 415.

Upon the conclusion of the evidence, counsel for the defendant (appellant) moved the court to instruct the jury "to confine its award to the period of time provided for, towit, twenty-six weeks, in the special hernia article of the Workmen's Compensation Law of the State of Texas, plus reasonable medical expenses." The court denied that motion. The part of the Workmen's Compensation Law dealing specifically with hernia contains the provision: "If the employee submits to the operation and the same is successful, which shall be determined by the board, he shall in addition to the surgical benefits herein provided for be entitled to compensation for twenty-six weeks from the date of the operation." Id., art. 8306, § 12b. The physician who operated on the appellee was a witness in his behalf, and testified to the following effect: Witness examined appellee on April 9, 1934, and found a swelling in appellee's right groin which proved to be a right inguinal hernia. Witness operated on appellee. "The operation itself, that is, the radical cure for hernia, was a success." After the operation it was discovered that appellee had spastic colitis. For a number of years he has had a chronic inflammation of the spine, and also hypertrophic spondylitis, that being a growth of bone and cartilage from the spine, causing pain. The long confinement of appellee in bed and on the flat of his back, which confinement was an inevitable incident of the operation for hernia, aggravated the above-mentioned pre-existing conditions, causing the spondylitis to increase, and giving the appellee spastic colon. Appellee's long confinement, incident to the operation, plus his previous trouble, has produced his present condition of suffering from spondylitis and spastic colon, which condition is progressive, and renders the appellee unable to do any manual work. During the trial, nearly a year after the appellee was injured in the course of his employment, appellant admitted that appellee then had spondylitis and a spastic colon.

The above-mentioned evidence tended to prove that appellee was totally incapacitated for work as a result of his long confinement in bed on the flat of his back aggravating previously existing ailments, which prior to the operation had no disabling effects. That confinement was a necessary incident of treatment called for by the operation for hernia. The statute contains provisions as to the compensation allowable for certain specific injuries, including hernia, and also general provisions as to what is allowable for injuries resulting in partial or total incapacity for work. When an employee suffers a specific injury in the course of his employment, he is not confined to the compensation allowed for that specific injury if that injury, or proper or necessary treatment therefor, causes other injuries which render the employee incapable of work. Aetna Life Ins. Co. v. Bulgier (Tex.Civ.App.) 19 S.W.(2d) 821, 823; Petroleum Casualty Co. v. Seale (Tex. Com.App.) 13 S.W.(2d) 364; Standard Accident Ins. Co. v. Williams (Tex.Com.App.) 14 S.W.(2d) 1015; Texas Employers' Ins. Ass'n v. Parr (Tex.Com.App.) 30 S.W.(2d) 305. "The intention of the law is to give full remuneration under its schedule of allowances for the injury actually received, and the results actually flowing from such injury." Ætna Life Ins. Co. v. Bulgier, supra. Evidence tended to prove that appellee's long confinement in bed was a result of the injury he sustained in the course of his employment, that confinement being an incident of the treatment for that injury, and that aggravation of pre-existing ailments was a consequence of that confinement. The aggravation of pre-existing ailments, and appellee's consequent incapacity for work, being traceable to the injury he received in the course of his employment and to the treatment called for by that injury, the appellee was entitled to compensation, not only for the hernia directly caused by what occurred on April 9th, but also for the additional injury and the consequent total and permanent disability brought about as a result of the long confinement in bed on his back to which he was subjected aggravating ailments which, prior to his being injured in the course of his employment, had no disabling effects. As evidence adduced tended to prove that appellee's condition of disability existing at the time of the trial was attributable to the injury he suffered in the course of his employment, the ruling under consideration was not erroneous.

The record shows no reversible error. The judgment is affirmed.