## ANCHOR CASUALTY CO. v. WOLFF.
### No. 12964.

United States Court of Appeals
Fifth Circuit.
May 5, 1950.

742

A. D. Dyess, Houston, Tex., for appellant.

Jack K. Ayer, Houston, Tex., Levert J. Able, Houston, Tex., for appellee.

Before HOLMES, WALLER, and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by appellee against appellant to set aside a denial of appellee's claim by the Industrial Accident Board of Texas, and to recover under the statute for total permanent disability resulting from an injury from strain, sustained by appellee while engaged in work as an employee. He strained himself severely while attempting to jerk a large board out of a pile of lumber.

Appellee told his employer that he had hurt himself, and his employer told him that he had insurance to cover him, and advised him to see a doctor. Several claims for compensation were filed in time by appellee with the Industrial Accident Board. The first listed his heart as being the injured part of the body; another listed a hernia on his right side as being part of his injuries. The last claim stated that the injury caused a hernia to appear unexpectedly on the right side as well as damage to the arteries in the region of his heart.

On April 23, 1948, the Accident Board made a final ruling denying appellee's $10,-000 claim for compensation. After filing written notice of appeal, appellee brought suit in the district court of Harris County, Texas. Appellant, a Minnesota corporation, removed the cause to the federal court, and by its amended answer denied that appellee had suffered an accidental injury in the course of his employment, and denied that he had given any actual notice of his alleged accidental injury to his employer. The cause was tried to a jury, and during the presentation of appellee's case appellant objected to the admission of evidence relating to hernia, on the ground that the Board did not pass on appellee's claim for hernia but only passed on his heart injury because in its decision it stated that appellee's condition resulted from a disease which did not result from or was not connected with his employment. The objection was overruled, and evidence relating to the hernia was admitted. Judgment for a lump sum of $8,737.35 was rendered against the appellant. The latter filed its motion for a new trial, contending that the trial court did not have jurisdiction to hear and determine appellee's claim, because the Board had never passed on the accidental injury for which judgment was sought to be recovered; that there was no

support in the record for the jury's finding that the employer had actual notice of appellee's injury within thirty days of its occurrence; and that the record showed that appellee's disability was due to a pre-existing disease of the heart, not to any accident or accidental injury.

It is a well-recognized rule in cases of this nature that a court is without jurisdiction of a compensation action unless such action is based upon a claim presented to and acted upon by a Board or Commission set up to hear such claims. In the present case, several claims were presented to the Board within the time prescribed by law. The Board's ruling of April 23, 1948, does not specifically refer to any one of the claims, but merely states that the claimant failed to establish by proof that his condition was the result of an accidental injury suffered in the course of his employment; on the contrary, the Board held that his condition was the result of a disease that was in no way connected with his employment. We must construe the Board's ruling in the light of ' what was before it,[1] which was all of appellee's claims. There is nothing to indicate what became of the hernia claim if it was not denied in the Board's ruling of April 23, 1948. We think it reasonable to determine that the Board disposed of all the matters before it concerning this particular accident when it made its ruling on said date. Since there were claims involving heart and hernia injuries before the Board when it acted, and since it is considered to have acted on that which it had before it at that time, we conclude that the Board has passed on the accidental injury for which appellee sought judgment. Evidence relative to the hernia condition was competent, and the trial court did not err in admitting the same. Appellant contends that the appellee's several claims were conflicting. Such a conflict went only to the weight of the evidence submitted to the jury, which found against the appellant, and there is evidence to support its finding. Moreover, in paragraph eight of its complaint, the appellee alleges that the Board made a final ruling on his claim for compensation, and the first paragraph of the appellant's answer admits the allegations contained in the first eight paragraphs of appellee's complaint.

The question of whether an employee has sufficiently complied with the requirement of giving notice of his injury to his employer is one of fact to be determined by the Accident Board in the first instance, or by the trial court on appeal thereto where a trial *de novo* is had. The statute provides that in meritorious cases and, for good cause shown, strict compliance as to giving notice may be waived. Vernon's Ann.Civ.St.Tex. art. 8307, § 4a. The effect of such liberality is to vest wide discretion in the Board or trial court in determining the sufficiency of the employee's efforts to notify his employer of his injury. Unless there has been a clear abuse of this discretion by the trial court in determining the sufficiency of the employee's efforts, we should not disturb its findings. In the present case the appellee testified that, four or five days after his injury, he told his employer that he was hurt and the employer told him to see a doctor, as he had insurance to cover him. Such testimony presented an issue that was within the province of the jury to decide. The jury found that the appellee had met the statutory requirements of giving notice, and there is ample evidence in the record to support its finding.

There was sufficient evidence to support the jury's finding that the appellee's incapacity was due to an accidental injury suffered in the course of his employment. Such injury may be the producing cause of a resulting incapacity, even though appellee was suffering from a pre-existing diseased condition of the heart, or hardening of the arteries, if such injury aggravated the disease to such an extent that the combined effects of said injury and the pre-existing disease produced the incapacity. The appellee claimed that the accident and injury resulted not only in a

---

1. Zurich General Accident and Liability Insurance Company v. Daffern, 5 Cir., 81 F.2d 179.

hernia but in damage to his heart, arteries, and blood-vessels. For such a claim he was entitled to recover for a general injury under the general provisions of the compensation law. See Texas Employers' Insurance Association v. Howell, Tex.Civ. App., 37 S.W.2d 343; New Amsterdam Casualty Company v. Morrison, 5 Cir., 36 F.2d 216; Glover v. City of Columbus, 197 Miss. 467, 19 So.2d 756, 156 A.L.R. 1345, 1346.

Affirmed.