## HOLVECK v. PHOENIX INDEMNITY CO.
### Civ. A. 4455.

United States District Court
N. D. Texas, Dallas Division.
Jan. 9, 1952.

Caldwell, Baker & Jordan, and Robert Woodruff, all of Dallas, Tex., for the plaintiff.

O. O. Touchstone, Dallas, Tex., for the defendant.

ATWELL, Chief Judge.

In a Motion to Dismiss by the defendant on the ground that the order of the Industrial Accident Board disposed of only one insurer when there were two insurers against whom the workman had made a claim for compensation, was on a final decision supporting an appeal by the workman, after the Board found against him as to the Phoenix Indemnity Company, and, so far as the record showed, evidenced no action by the Board against the American Automobile Insurance Company, the other insurer of the claimant's employment for the United Rubber Corporation of Texas.

After the action of the Board, denying plaintiff's right to recover, the plaintiff, in accordance with the statute, filed suit in this court against the Phoenix Indemnity Company.

Many authorities are cited by both the plaintiff workman, and the Phoenix Indemnity Company, bearing upon the question which the above recital of facts raises.

Associated Indemnity Corporation v. Peel, Tex.Civ.App., 157 S.W.2d 416; Maryland Casualty Company v. Moore, Tex.Civ.App., 74 S.W.2d 769, affirmed Tex.Com.App., 102 S.W.2d 1118; Texas Employers v. Bradshaw, Tex.Civ.App., 27 S.W.2d 314; Anchor Casualty Company v. Wolfe, 5 Cir., 181 F.2d 741; Jarrett v. Travelers Insurance Co., Tex.Civ.App., 66 S.W.2d 416; Aetna Life Insurance Co. v. Culvahouse, Tex.Civ. App., 10 S.W.2d 803; Maryland Casualty Co. v. Baker, Tex.Civ.App., 277 S.W.204; Southern Casualty Co. v. Fulkerson, Tex. Com.App., 45 S.W.2d 152, Commission of Appeals, accepted by Supreme Court of Texas.

The above cases are asserted by the plaintiff workman against the granting of the motion by the defendant Phoenix Indemnity Company.

The defendant cites Texas Employers v. Shackelford, 139 Tex. 653, 164 S.W.2d 657, and criticises the efficacy of the decisions cited by the plaintiff, in an earnest and learned manner.

Whatever may be said about the cases cited by the plaintiff is not supported by the decision of the Supreme Court in Southern Casualty Company v. Fulkerson, Tex.Com. App., 45 S.W.2d 152, adopted by the Supreme Court.

When the Southern Casualty Company brought the case to court by appeal from the Board, it had the legal effect of the institution of a suit by any interested party in a court of competent jurisdiction against all other parties before the Board and ousts

**538**

the Board of any further jurisdiction over the case and vests the court with jurisdiction over all parties and issues involved.

 It seems that since this is purely a statutory action, all that is necessary to confer jurisdiction on the court over all parties and issues originally brought before the Board, is for one of the interested parties over whom the court had jurisdiction, to bring the action before the court within the manner and the time required by the Act. When that is done, the burden is on the claimant to plead and prove his asserted cause of action against the alleged co-insurers just as he would have had to do if the court had had jurisdiction to begin with.

The court also in this particular case, approved the decision of the Court of Civil Appeals in the case of Maryland Casualty Company v. Baker, 277 S.W. 204.

The motion to dismiss must be overruled.