**WILLIAMS v. PACIFIC EMPLOYERS INS. CO.**
No. 13593.

United States Court of Appeals
Fifth Circuit.

Feb. 12, 1952.

William D. Kimbrough, Dallas, Tex., for appellant.

Philip L. Kelton, Hobert Price, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal is from the judgment entered in appellant's action to recover compensation as provided by the Texas Workmen's Compensation Laws, Vernon's Ann. Civ.St. art. 8306 et seq., for total and permanent disability claimed to have resulted from an injury sustained in the course of

his employment. Upon the trial the jury returned a verdict finding appellant to be entitled to compensation for 16 weeks total temporary disability and judgment was entered accordingly. It is here assigned as error that the trial Court refused to charge the jury a requested instruction; gave an erroneous instruction requested by the defendant; and withdrew from the consideration of the jury the issue of total prmanent disability. We find the claims of error sufficiently established to require a reversal of the judgment.

The complaint alleged that on January 26th, 1950, appellant, while lifting a heavy crate of freight in the performance of his duties, was thrown off balance and twisted his back and suffered a severe strain to the muscles and ligaments of his back, and that this injury rendered him totally and permanently disabled. As an alternative claim, it was alleged that if he had any disease prior to the date of the injury, such disease was dormant, inactive and not in any degree incapacitating. However, the injury complained of caused the disease (arthritis) to become aggravated, inflamed, active, and incapacitating, thus causing him to become totally and permanently disabled. From the crucible of the trial only the alternative claim survived. The evidence was sufficient to authorize a finding of injury, which, on the following day, the "company doctor" diagnosed as "a muscle spasm of the lumbo-sacral muscles, in the lumbar region of his back." He remained under treatment until March 29th, 1950, when he was released for light duty, but did not return to work because he was advised by his employer that no light duty was available. About May 1st, 1950, he began taking treatments for his back from Dr. McGuire, and was still under his care at the time of the trial. He has not been regularly employed since the date of his injury, though he did work for his brother about five days and has performed some tasks around his home. There is evidence that the work done caused the appellant to suffer pain and nervousness. The medical testimony in behalf of both appellant and appellee agreed that the appellant had arthritis of the spine prior to the date of the injury. There is some question as to whether it was in any way disabling, but it appears undisputed that appellant had worked steadily during the three or four years he had been employed except for one two weeks' vacation or rest. Each of the three doctors presented as witnesses testified that an injury, strain, or trauma could produce an inflammation and aggravate a pre-existing arthritic condition. Dr. McGuire testified that in his opinion the pain suffered by appellant was due to a strain of the spine which aggravated the pre-existing arthritis. Dr. Seay, a witness for appellee, stated that an injury to the back caused by lifting could have aggravated the pre-existing condition. He explained that it is the nature of arthritis to produce a bone formation, and in the case of arthritis of the spine, the arthritic growth will form a bridge between the vertebral interspaces of the spine. After such a bridge has been formed a sufficient strain or twist of the spine will cause the growth to break apart.

The effect of the testimony as a whole was to remit appellant to the sole theory of recovery that he had suffered an accidental injury which aggravated a pre-existing disease of arthritis with resulting incapacity. The appellant timely presented to the Court a written request for instructions which correctly embodied the law applicable to such a claim.[1] This request was refused. It is conceded by counsel for appellee, as indeed it must be, that in Texas a pre-existing disease is not a defense to a compensation claim and that recovery can be had under the "aggravation doctrine" where the combined effects of an injury and

1. "If you find from a preponderance of the evidence that on the 26th day of January, 1950, the plaintiff was suffering from a pre-existing disease of arthritis, and if you further find from a preponderance of the evidence that he suffered an injury on said date which was the producing cause of a resulting incapacity, or if you find such injury aggravated or inflamed the pre-existing disease of arthritis to such an extent that the combined effects of said injury and the pre-existing disease produced incapacity, then you will find for the plaintiff."

the pre-existing disease cause incapacity. The Texas Workmen's Compensation Laws provide compensation for an injury which is caused by an accident although no injury would have been suffered but for the existence of disease which was aggravated by the accidental injury. Texas Employers' Ins. Ass'n v. Parr, Tex.Com.App., 30 S.W. 2d 305. Under a factual situation very similar to the one presented by this record the Court of Civil Appeals of Texas, in Texas Indemnity Ins. Co. v. Godsey, 143 S. W.2d 639, error refused, held that an employee was entitled to recover compensation because of an injury which aggravated a pre-existing arthritic condition to the extent of producing disability, although the arthritic condition would have, in time, produced incapacity without the injury.[2] Appellant's requested instruction embodies in effect the rule this Court announced in Anchor Casualty Co. v. Wolff, 5 Cir., 181 F.2d 741. Appellee urges, however, that the principle was adequately presented by other portions of the Court's instructions.[3] Upon consideration of the charge of the Court as a whole, viewed in connection with the sole theory of recovery upon which the plaintiff's claim rested, we are of the opinion the excerpts quoted can not fairly be held to present to the jury the law applicable to the facts upon which plaintiff relied. Clearly the first sentence quoted does not reach the point involved. The second speaks of aggravation of the *injury* or its enhancement by an existing disease and even this, as applied to the claim of aggravation of existing disease, is confused by the statement of the requirement of claimant's entitlement to prevail only "if the accident contributed to the injury." It may be that the use of the word "injury" is a slip of the tongue and that the Court meant to say "disability." In some cases such a slip would not be material, but here there is no clear statement in the excerpt quoted, or elsewhere in the charge, as to the effect to be given should the jury find that the injury aggravated a pre-existing disease from which resulted disability or incapacity. The instruction entirely overlooks this situation, different from the aggravation of injury stated by the Court, and consequently the jury was not instructed upon this vital feature of the case. The charge as given could well cause the jury to confuse injury with disability. Even if the primary injury in this case, the strain to the back, had healed this would not bar compensation if the injury was the producing cause of a resulting disability occasioned by the effect of the healed injury on the pre-existing disease.[4] In Zurich General Accident & Liability Insurance Co. v. Daffern, 5 Cir., 81 F.2d 179, the facts disclosed that an employee who was suffering from an inflamed spine and hypertropic spondylitis sustained an injury resulting in a hernia. He was successfully operated on for the hernia but his long confinement in bed as an incident to the operation caused his pre-existing condition to become disabling. This Court affirmed a judgment awarding compensation, notwithstanding the fact that the original injury had healed. It was held that since the disability was attributable to the injury the employee was entitled to compensation.

Nor was this point covered by the instruction which the Court gave in language as requested by the appellee.[5] In fact, this instruction, stated wholly in defensive

2. See also Employer's Casualty Co. v. Smith, Tex.Civ.App., 221 S.W.2d 322, error refused; Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026.

3. "I charge you, gentlemen, that liability cannot be avoided by saying that the person was not a well person at the time of the injury, that the condition is due solely to the disease, if liability would be avoided by the insurer. If the injury is aggravated, or enhanced by the effect of an existing disease, the claimant is enti-

tled to prevail if the accident contributed to the injury."

4. Anchor Casualty Co. v. Wolff, supra. See also Texas Employers' Ins. Ass'n v. Frankum, Tex.Civ.App., 215 S.W.2d 899, 902, and cases cited; Security Mutual Casualty Co. v. Bolton, Tex.Civ. App., 84 S.W.2d 552; Brodtmann v. Zurich General Accident & Liability Ins. Co., 5 Cir., 90 F.2d 1.

5. "[Y]ou are instructed that if you find and believe from a preponderance of the

terms, made it all the more important, we think, in the interest of a fair submission of the issues, that the charge requested by the appellant, or one of similar import, be given.

█ It is true that the appellant did not preserve any exception to the charge of the Court in the language requested by the appellee or to the excerpts which appellee claims presented the principle contended by the appellant. For this reason we do not search these for error, but consider them only to determine if they can be properly held to evidence coverage by the charge of the Court of the principle embodied in appellant's requested instruction which was refused. We hold that this pertinent principle was not so covered by the general charge of the Court and therefore that the failure to give the requested instruction, relating as it did to the vitals of the plaintiff's case, was reversible error.

█ We think the Court also erred in his determination that the evidence was not sufficient to present the question of total permanent disability to the jury. Since a new trial will follow our judgment, we do not recite the evidence. We find in it, as presented by this record, a sufficient basis upon which a jury could have found total permanent disability and for this reason the Court erred in refusing to submit that issue to the jury. Hicks v. Georgia Casualty Co., 5 Cir., 63 F.2d 157; Mabry v. Travelers Ins. Co., 5 Cir., 193 F.2d 497.

█ Appellee contends that the finding of the jury of only 16 weeks of total temporary disability out of a possible allowable 300 weeks clearly shows that the appellant could not have been prejudiced by the Court's ruling. Whatever weight might properly be given such an inference after trial and upon appeal of a case where the finding as to duration of disability is unin-

fluenced by error, it is clear that any basis for such an argument is removed when the record shows, as it does here, omissions from the charge which could logically induce the jury's finding of a period of disability predicated only upon the period of incapacity resulting from the primary injury without proper consideration of its effect in aggravating the pre-existing disease.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.

---

evidence that on January 26, 1950, the plaintiff, Williams, had arthritis in his back, and, further, that he received an injury to his back on January 26, 1950, and, further, that as a result of his arthritis and the injury to his back he was disabled, but that his disability has now ceased, or if he is disabled at the present time yet his present disability is solely caused by his arthritis not in any way connected with his injury of January 26, 1950, then you shall find the disability of the plaintiff only for that period of time that he was disabled as a result of the combination of his arthritis and his injury and for such percentage of disability as he may have suffered during that period of time."