**MASSACHUSETTS BONDING & IN-SURANCE CO. v. REYNOLDS.**

No. 13671.

United States Court of Appeals
Fifth Circuit.

March 18, 1952.

Rehearing Denied April 24, 1952.

Harold A. Bateman, Dallas, Tex., for appellant.

John Davenport, Wichita Falls, Tex., Obel L. McAlister, Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

In the trial Court the appellant unsuccessfully resisted before the Court and a jury the suit of the appellee to recover statutory benefits provided by the Texas Workmen's Compensation Act[1] because of the death of her husband, which was alleged to have resulted from injuries accidentally sustained while in the course of his employment. In support of its claims of error, appellant earnestly contends that the

1. Articles 8306–8309, Revised Civil Statutes of Texas, 1925, Vernon's Ann.Civ.St.Tex. arts. 8306–8309.

evidence fails to show that plaintiff-appellee's husband died as a result of accidental injuries and likewise fails to show that the death occurred in the course of employment. These points were presented to the trial Court by a timely motion for instructed verdict, which was overruled. Appellant further contends that even if, under any view, the case was properly submitted for determination of the facts by the jury, at most, the evidence raises only an inference that the death was a result of the accident which was opposed by evidence raising the opposite inference that it was a result of natural causes, and raised only an inference that at the time the employee was in the course of his business, which was opposed by the opposite inference that at the time he was about some personal business, and that, therefore, as a defendant, the appellant was manifestly prejudiced by the error of the Court refusing to give instructions duly requested in writing specifically informing the jury of the principle of circumstantial evidence, and that if they found the inferences equally reasonable, or if such inferences did not preponderate in favor of the plaintiff, she would not be entitled to recover. Our consideration of the evidence leads to the conclusion that in this case it can not be said as a matter of law that the testimony as a whole, together with all permissible inferences which may be drawn from the circumstances, is insufficient to present a question for the jury upon the prerequisite elements of plaintiff's case,— death as the result of accidental injury, sustained while acting in the course of his employment.

The evidence favorable to the plaintiff's claim, when sifted of all contradictions and opposing inferences, as must be done when testing the validity of the motion for instructed verdict urged by the defendant, presents a case which may be outlined as follows. O. B. Reynolds, the deceased husband of the plaintiff, was employed as manager of the Acme Chevrolet Company, in Burkburnett, Texas. This company was a partnership, owned by Floyd Randel and G. D. Fox. These parties also owned the Fox-Randel Motor Corporation in Wichita Falls, Texas. Reynolds, as manager, had complete control of the business of the Acme Chevrolet Company, which business consisted of sales and service of Chevrolet automobiles and trucks, including also a body shop and the sale of Chevrolet parts. The corporation was engaged in a similar business in Wichita Falls. Reynolds had the use of the company car for both his personal affairs and the company's business affairs, apparently to use as he pleased or deemed necessary in furtherance of the business affairs of the company. He was a diligent worker; customarily arrived at the place of business by 7 o'clock in the morning; "the first there and the last to leave." He had no known bad habits and was a trusted employee. He customarily drove to Wichita Falls on business for the company each Tuesday, and his employer testified that on different occasions he came there for parts and in answer to a question,. "Had you instructed him to come down here [Wichita Falls] when he needed them?" stated, "Well, he could come any time he wanted to, yes, sir." While Reynolds did not go to Wichita Falls "every day" "he came over here quite often" on business for the company. On Tuesday morning, April 18, 1950, while driving the company car on the customarily traveled and direct route from Burkburnett to Wichita Falls at "about 7 o'clock in the morning" at a point about two miles south of Burkburnett, Texas, while proceeding in the direction of Wichita Falls, the deceased, approaching, and apparently deciding to pass, a preceding car occupied by two soldiers, blew his horn and proceeded around and by the soldiers' car. While passing, he was observed to slump over the wheel, but the car was pulled back into the right hand lane where it traveled for a short distance and then angled off the highway to the left at about a 15 degree angle while traveling about 40 to 45 miles per hour. "His car struck a tree a sort of glancing blow, then side-swiped a telephone pole and went through a board fence, then across a lawn, a garden spot, through a wire fence and then struck an automobile which was parked in the driveway of one of the houses by the side of the highway, then spun sharply to the right and came

to a quick stop." The soldier ran to the car, felt of Mr. Reynolds' pulse but could not feel a beat. Another witness, who ran out of the house at the crash, felt a weak pulse. An autopsy performed by a pathologist disclosed no signs of deterioration of any vital organ sufficient to have caused death from natural causes. There were scratches and bruises upon the body and one substantial bruise on the groin, but no broken bones. When the undertaker arrived, prior to 8:15, the body had already turned blue in spots. The automobile was wrecked.

Since each cause must necessarily rest upon its own facts, no hard and fast rule, nor precise test, for determining whether an accident arises in the course of employment or in furtherance of business of the employer can be prescribed. While the question is not free of all difficulties, we think the facts of this case, when considered in the light of the managerial employment of the deceased and the acknowledged discretion he possessed in performing such acts as he deemed proper in furtherance of the business, and the absence of any regular and prescribed hours of employment, as usually prevails in case of an energetic and trusted managerial employee, present an instance for determination by the jury of the question of whether, at the time, the deceased was acting in the course of his employment. We think also that the circumstances of the accident and consequent death are such as to make proper submission to the jury for determination as a matter of fact whether death resulted from natural causes, or as a result of the multiple collisions with trees, poles, fences, and automobile with such force as to wreck the car in which the deceased was riding. It is true that as to the latter there was evidence on behalf of appellant that the deceased had some four months previously, on one occasion, complained of a "blackout", and further evidence raising doubt as to whether the deceased was, at the time, engaged in his employment. We refrain from any recital of this testimony other than to say it raised a substantial question for consideration by the jury in determining the fact questions presented by the evidence as a whole.

The Judge of the trial Court properly instructed the jury that the plaintiff had the burden of proof and must establish the necessary elements of her case by a preponderance of the testimony. Further, "both sides have used the word 'assume' from the testimony. You can not assume. The testimony must be either direct, or, circumstantial—proof of collateral facts, from which the tryers of the facts may draw conclusions, and such collateral facts must be consistent with each other and lead conclusively to the conclusion which precludes all other outcomes or conclusions." The Court further instructed the jury that it was for them to determine the facts in the case and, after defining injury "sustained in the course of employment", clearly informed the jury that this did not mean "that if a man were under this law, and was employed, and then sustained an injury, that he was entitled to recover compensation. He must have sustained an injury while in the course of his employment. While he was at work for his employer." It is true that the instructions of the Court do not, in so many words, present the contention of the defendant embodied in its requested instruction to the effect that if the inferences from which arose coverage under the compensation laws were opposed by equally reasonable inferences that it did not so arise, the plaintiff could not recover. However, in view of the charge of the Court as given, we think there was no room for confusion on this point in the minds of the jury, and that they must have understood the issues in the case and the law by which they should be decided.

We find no reversible error in the record and the judgment of the trial Court is

Affirmed.

HUTCHESON, Chief Judge (dissenting).

While I agree with the majority view that it cannot be said that there was no evidence to take the case to the jury; I cannot agree that the judgment should be affirmed.

At the conclusion of the evidence in this case, the district judge stated, "I don't see very much case here, but it is a jury case and in order to see a case or not to see a case you have to pass on the testimony, and I believe I will submit it to the jury." This expressed dubiety as to the sufficiency of the evidence and its resolution by submitting the question to the jury emphasizes, indeed gives dramatic force to, defendant's alternative contention that the refusal to give its requested charge No. 3[1] was reversible error.

This charge, drawn in the light of, and in conformity with, the Texas decisions, of which Houston Fire & Cas. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442 and Lumbermen's Mutual v. Vaughn, Tex.Civ.App., 174 S.W.2d 1001, are representative, was I think peculiarly called for here. In addition to the completely circumstantial character of the evidence, the general charge was so meager and so inadequate that the jury could not have gotten from it any real conception of appellant's defensive position.

In Williams v. Pacific Employers Ins. Co., 5 Cir., 194 F.2d 490, this court reversed a judgment in a compensation suit tried by the same judge that tried this one, on the ground that the charge was not adequate to present the theory of an instruction requested by plaintiff.

To appellee's urging there, as here, that the matter requested was adequately presented by other portions of the court's instructions, we said, "Upon consideration of the charge of the court as a whole * * * we are of the opinion the excerpt quoted cannot be said to fairly present to the jury the law applicable to the facts upon which plaintiff relies".

With deference to the opinion of my brothers, it is my view that the shortcomings of the general charge and the necessity for giving the requested charge are clearer here than they were there, and the resultant error is both more obvious and more prejudicial.

I think the judgment should be reversed for trial anew and I respectfully dissent from its affirmance.

Rehearing denied; HUTCHESON, Chief Judge, dissenting.

1. "To Said Honorable Court:

"Subject to the action of the Court on defendant's motion for instructed verdict and only in the event the same shall have been overruled, defendant requests the Court to charge the jury substantially as follows:

"Gentlemen of the Jury:

"The plaintiff, Mrs. Reynolds, contends that the evidence introduced by her is sufficient to raise the inferences that the injuries her husband, Mr. Reynolds, sustained when his automobile left the highway and collided with other objects, actually caused his death, and that at that time her husband was acting in the course of his employment as manager of the Acme Chevrolet Company. The defendant contends on the other hand that it is just as reasonable to infer from the evidence that Mr. Reynolds sustained a heart attack which actually caused his death and that he was not at the time acting in the scope of his employment for the Acme Chevrolet Company. You are the exclusive judges of credibility of the witnesses and the weight to be given their testimony and it is for you to determine from a preponderance of the evidence what the true facts were. In making this determination, however, I charge you that under the law mere circumstantial evidence must be of a stronger character than merely sufficient to raise a surmise or suspicion of the existence of the fact, or to permit of a purely speculative conclusion on your part; and if you believe from the evidence that the inference that Mr. Reynolds died of a heart attack is as reasonable as an inference that he died because of injuries, then it will be your duty to resolve such issue in favor of the defendant and to say by your verdict that Mr. Reynolds did not sustain an accidental injury resulting in his death; and if you believe from the evidence that the inference that Mr. Reynolds was not at the time of his death acting in the course of his employment is as reasonable as an inference that he was acting in the course of his employment, then it will be your duty to resolve such issue in favor of the defendant and to say by your verdict that Mr. Reynolds did not die as the result of accidental injuries received while acting in the course of his employment."