## McGOWEN v. PACIFIC EMPLOYERS INS. CO.

No. 14451.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

534

Ernest L. Sample, Beaumont, Tex., for appellant.

Quentin Keith, Beaumont, Tex., Cecil, Keith & Mehaffy, Beaumont, Tex., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is in forma pauperis, in an action under the Workmen's compensation law of Texas, Vernon's Ann.Civ.St. art. 8306 et seq. Federal jurisdiction is predicated solely upon diversity of citizenship between the parties and the requisite jurisdictional amount. This action was brought by appellant for compensation for serious physical and accidental injuries sustained by him in the course of his employment on June 27, 1951. His claim was for compensation for total and permanent disability, or, in the alternative, for lesser degrees of disability and for the period of time that the evidence might show. There was ample evidence to warrant a jury in finding a verdict for the plaintiff, but its verdict was rendered for the defendant. Hence this appeal.

The appellant had suffered serious prior injuries in 1944, when he fell from the top of a building, breaking his arm and ankle. Prior to that he was hurt, made a claim, and was paid compensation, but all prior payments were for partial disabilities. He claims to have worked more or less regularly from 1940 to 1951. He has a stiff elbow from his fall in 1944. While no witness testified that he had syphilis or was suffering from that disease, one of the tests made indicated the prior existence of syphilis, but a re-examination under the X-ray failed to reveal any effect of syphilis, and his blood test was normal. Plaintiff's case mainly rested upon the contention that his injury of June 27, 1951, aggravated a pre-existing condition and brought about his total and permanent disability.

The appellant's first specification is with reference to the court's refusal to grant his requested instruction No. 6, reading as follows: "Gentlemen of the Jury: The plaintiff is claiming to be totally and permanently disabled, and if you find that plaintiff has sustained personal accidental injury, but if you further believe that part of the disability which you find is due to a physical condition brought about by previous injury, physical condition or disease, but further find that the disability caused by such previous injury, physical condition or disease would not incapacitate plaintiff except for accidental injury he is now complaining of, then you will not deduct from the whole amount of disability which you find, any disability caused by such previous injury, physical condition or disease herein."

His second specification of error deals with the failure of the court to qualify its charge with reference to the disease of syphilis, and the prior injury of 1944, by instructing the jury not to deduct any number of weeks or any amount of compensation because of such disease or prior injuries if it finds that the disability of the plaintiff would not have occurred but for the accidental injury of June 27, 1951.

The third specification complains of the court's charging the jury that the compensation law was not designed to compensate workmen for diseases or conditions not related to accidental injuries in the course of their employment without qualifying the charge as above mentioned. This alleged error in principle, it is contended, runs through all ten of appellant's assignments of error.

We agree with appellant that there was reversible error in the court's charge. An employee does not sell part of himself in accepting statutory payments for partial or temporary disabilities brought about by accidental injuries sustained in the course of his employment. Partial or temporary disability payments are made in lieu of wages lost through accidental injuries; and they are not accrued credits to be given the employer or insurance carrier

of an employee who subsequently is totally and permanently disabled in the course of his employment. Accordingly, we think the court should have instructed the jury, as requested by the plaintiff, that an injury might be caused by an accident though it would not have been suffered but for some disease or physical condition that was aggravated by the accident.

Therefore we hold, in line with what we conceive to be the law of Texas, that even though the appellant was diseased and had received several prior injuries but was not totally and permanently disabled, yet if on June 27, 1951, he received an accidental injury in the course of his employment which totally and permanently disabled him, the fact of his partial incapacity from disease or prior injury would not prevent him from recovering compensation for the full amount which, under the law, he was entitled to receive without reference to the disease or prior injuries.

Texas Employers Insurance Association v. Parr, Tex.Com.App., 30 S.W.2d 305; Majestic v. Louisville & N. R. Company, 6 Cir., 147 F.2d 621; Plough v. Baltimore & Ohio Railway Co., 2 Cir., 172 F.2d 396; Williams v. Pacific Employer's Insurance Company, 5 Cir., 194 F.2d 490.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.